ALAN R. SMITH, ESQ. #1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**Email: mail@asmithlaw.com**

*ELECTRONICALLY FILED*
*July 29, 2009*

Proposed Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

WES CONSTRUCTION COMPANY,
INC., a Nevada corporation,

HEAVY EQUIPMENT SERVICES, LLC,
a Nevada limited liability company,

TRUCKING SERVICES, LLC,
a Nevada limited liability company,

Debtors.
_____/

Case No. BK-N-09-52177-GWZ (Lead)
Case No. BK-N-09-52178-GWZ
Case No. BK-N-09-52181-GWZ
(Jointly Administered)

**APPLICATION TO EMPLOY
ATTORNEY FOR DEBTORS**

Hearing Date:  August 26, 2009
Hearing Time: 10:00 a.m.

     Joint Debtors, WES Construction Company, Inc., a Nevada corporation (hereinafter "WES"), Heavy Equipment Services, LLC ("HES"), and Trucking Services, LLC ("TS") hereby apply to this Court for an Order appointing the Law Offices of Alan R. Smith as their attorneys of record, and respectfully represents:

     1.    Debtors WES, HES and TS filed their voluntary petition under Chapter 11 of the United States Bankruptcy Code on July 6, 2009.  The Debtor HES is a general engineering construction company focused on site preparation for development, utility construction work and maintenance. HES and TS provide heavy equipment and vehicles for operation in WES' business.

     2.    No trustee has been appointed and Debtors are currently operating as debtors-in-possession. Debtors are not sufficiently familiar with the rights and duties of debtors-in-possession as to be able to plan and conduct proceedings without the aid of competent

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\WES Constr\Employ\App Empl ARS (JA) 072809.wpd

counsel.

3.  Debtors have made careful and diligent inquiry into the qualifications and competence of the Law Offices of Alan R. Smith (hereinafter "Smith"), and is advised that the attorneys employed by said law firm are admitted to practice in this Court and by reason of ability, integrity and professional experience, are capable of providing proper legal counsel to Debtors.

4.  Except as set forth in Paragraphs 6, 7, 8 and 9 below, Smith does not hold or represent an interest adverse to the estate and the members thereof are disinterested persons as that phrase is defined in Section 101(14) of the Bankruptcy Code. Such employment is necessary and in the best interests of the Debtors and its estate.

5.  Except as set forth in Paragraphs 6, 7 and 8 below, to the best of Debtors' knowledge, Smith has no connection with the Debtors, any of its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

6.  Smith has been retained to represent the following described entities:

- <u>WES Construction Company, Inc.</u> [Case No. BK-N-09-52177] - 100% owned by WES Holdings, Inc., a Nevada corporation. WES Construction Company, Inc. operates a general engineering construction company focused on site preparation for development, utility construction work and maintenance. WES Construction Company, Inc. also performs installation of underground utilities, civil site work, excavation and grading building pads.

- <u>Heavy Equipment Services, LLC.</u> [Case No. BK-N-09-52178] - 100% owned by WES Holdings, Inc., a Nevada corporation. HES owns heavy construction machinery, solely for the use on WES projects. HES does not operate any business except for providing equipment to WES.

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\WES Constr\Employ\App Empl ARS (JA) 072809.wpd            - 2 -

      •     <u>Trucking Services, LLC.</u> [Case No. BK-N-09-52181] - 100% owned by WES Holdings, Inc., a Nevada corporation. TS owns and maintains a fleet of trucks and transportation equipment and provides trucking services mainly to WES. TS does not operate any business except for providing equipment to WES.

WES Holdings, Inc. was organized in October 2005 in the State of Nevada, and was formed as the parent holding company for the above wholly-owned subsidiaries. The shareholders of WES Holdings, Inc. are generally comprised of the eligible employees of WES Construction Company, Inc.

    7.     Debtors have engaged the services of Smith as its attorney to commence the three Chapter 11 bankruptcy proceedings for the above-identified entities, and has engaged such services subject to the approval of this Court. Since WES is the only operating company (HES and TS are not), WES has agreed to pay the attorneys fees for the reorganization of WES, HES and TS. The Debtors believe that the employment of Smith is in the best interest of its estate, and that Smith should be retained, pursuant to Section 327 of the United States Bankruptcy Code. Said counsel will provide specific legal services to the Debtor in its role as counsel, including the following:

    a.     Render legal advice with respect to the powers and duties of the debtor that continue to operate its business and manage its properties as debtor in possession;

    b.     Negotiate, prepare and file a plan or plans of reorganization and disclosure statements in connection with such plans, and otherwise promote the financial rehabilitation of the Debtors;

    c.     Take all necessary action to protect and preserve the Debtors' estate, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, negotiations concerning all litigation in which the Debtors are or will become involved, and the evaluation and objection to claims filed against the estate;

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\WES Constr\Employ\App Empl ARS (JA) 072809.wpd     - 3 -

     d.    Prepare, on behalf of the Debtors, all necessary applications, motions, answers, orders, reports and papers in connection with the administration of the Debtors' estates, and appear on behalf of the Debtors at all Court hearings in connection with the Debtors' cases;

     e.    Render legal advice and perform general legal services in connection with the foregoing; and

     f.    Perform all other necessary legal services in connection with these chapter 11 cases.

The Debtors have agreed that Smith shall be compensated for services at the following rates: Alan R. Smith, Esq. - $425.00 per hour, and paraprofessional services as follows: Peggy L. Turk - $205.00, Merrilyn Marsh, ACP - $195.00, and other paraprofessional services at $75.00-$95.00 per hour, which are the customary rates charged by said firm. The hourly rates now being charged are subject to periodic adjustments to reflect economic and other conditions, and, on occasion, to reflect the firm members' increased experience and expertise. A copy of the Attorney Fee Agreement entered into between the Debtors and the Law Offices of Alan R. Smith is attached hereto.

    8.    Prior to filing the above-captioned petition, Alan R. Smith, Esq. consulted with Rob Fitzgerald, another client, on several occasions concerning his financial issues. Mr. Fitzgerald has an indirect interest (through another limited liability company) in Reno Quality Homes, Inc., a Nevada corporation. Ultimately, Smith was asked to file a chapter 11 petition for Reno Quality Homes on an emergency basis, which was done on July 21, 2009. WES Construction is a creditor of Reno Quality Homes. Smith disclosed the conflict both to WES Construction and Reno Quality Homes, and both have waived the conflict. The debt from Reno Quality Homes was not a factor of significance in either chapter 11 case. Furthermore, it was Smith's intent that WES Construction employ special counsel for the sole purpose of handling the claim against Reno Quality Homes. For various reasons, Smith believed he could provide competent and diligent representation to each affected client. 11 U.S.C. §327 allows the representation of a creditor of the debtor unless a creditor or the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\WES Constr\Employ\App Empl ARS (JA) 072809.wpd

- 4 -

1  United States Trustee objects, in which case such employment is disallowed if there is an
2  actual conflict of interest. On July 23, 2009, William B. Cossitt, Esq. of the Office of the
3  United States Trustee ("UST") telephoned Smith and voiced his objection to Smith's
4  employment in both the WES Construction case and in the Reno Quality Homes case based
5  upon the conflict. Smith and Reno Quality Homes had previously agreed that in the event
6  there was an objection, Reno Quality Homes would employ separate counsel. Immediately
7  following the objection raised by the UST, Smith contacted Stephen Harris, Esq., who has
8  agreed to represent Reno Quality Homes. Accordingly, Smith will not be filing an
9  application to be employed in the Reno Quality Homes case. Smith's previous representation
10 of Mr. Fitzgerald was not related to the claim of WES Construction. Furthermore, there were
11 other factors considered that may have avoided any conflict of interest. Nevertheless, Smith
12 has spent considerable time assisting in the reorganization of WES Construction, and
13 determined that pursuing the representation of both clients at this point would be harmful to
14 WES Construction as well as Reno Quality Homes.

15    9.    WES, HES and TS owe Applicant the sum of $20,847.50 for prepetition
16 services related to consultation and preparation of the chapter 11 petitions. The Debtors seek
17 approval of a retainer in the amount of $60,000 to be paid from assets that are not subject to
18 a security interest to any party, to be applied in accordance with the Attorney Fee Agreement
19 attached hereto. The agreement between Applicant and the Debtor is said sum shall be paid
20 as soon as practicable from one of the following: (1) the proceeds received from any
21 settlement with Roy Walker; (2) the proceeds derived from the sale of unsecured equipment
22 or equipment owned by WES Trucking, Inc.; or (3) to be paid in cash from WES
23 Construction Company, Inc. Furthermore, subject to approval of the Bankruptcy Court, WES
24 Construction Company, Inc. shall be responsible for and pay all attorneys fees incurred for
25 the Chapter 11 cases of HES and TS as those cases are directly related to the operation of
26 WES Construction Company, Inc.
27 ///
28 ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\WES Constr\Employ\App Empl ARS (JA) 072809.wpd

- 5 -

10. The Law Offices of Alan R. Smith has not been retained for pre-petition services other than pre-bankruptcy and bankruptcy-related services.

WHEREFORE, Debtors pray that the employment of the Law Offices of Alan R. Smith, as counsel for the Debtors herein, be authorized, that said firm be compensated at reasonable rates as approved by the Court upon future application, and that it have such other relief as is just.

**DATED** this 29th day of July, 2009.

LAW OFFICES OF ALAN R. SMITH

By: /s/ Alan R. Smith
ALAN R. SMITH, ESQ.
Attorney for Debtors

## CONSENT TO EMPLOYMENT OF ATTORNEY

I, Michael A. Brandt, the Treasurer of WES Construction Company, Inc. and designated representative for Trucking Services, LLC and Heavy Equipment Services, LLC, have read the foregoing Application to Employ Attorney, and consent on behalf of the joint Debtor entities, to the employment of Alan R. Smith, Esq. and the Law Offices of Alan R. Smith on the terms and conditions set forth in the Fee Agreement.

**DATED** this ____ day of July, 2009.

**WES Construction Company, Inc.,**
a Nevada corporation
**Trucking Services, LLC**
**Heavy Equipment Services, LLC,**
Nevada limited liability companies

*See signature attached hereto*

Michael A. Brandt

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\WES Constr\Employ\App Empl ARS (JA) 072809.wpd

- 6 -

10.   The Law Offices of Alan R. Smith has not been retained for pre-petition services other than pre-bankruptcy and bankruptcy-related services.

WHEREFORE, Debtors pray that the employment of the Law Offices of Alan R. Smith, as counsel for the Debtors herein, be authorized, that said firm be compensated at reasonable rates as approved by the Court upon future application, and that it have such other relief as is just.

**DATED** this ____ day of July, 2009.

LAW OFFICES OF ALAN R. SMITH

By: _____/s/ Alan R. Smith_____
ALAN R. SMITH, ESQ.
Attorney for Debtors

### CONSENT TO EMPLOYMENT OF ATTORNEY

I, Michael A. Brandt, the Treasurer of WES Construction Company, Inc. and designated representative for Trucking Services, LLC and Heavy Equipment Services, LLC, have read the foregoing Application to Employ Attorney, and consent on behalf of the joint Debtor entities, to the employment of Alan R. Smith, Esq. and the Law Offices of Alan R. Smith on the terms and conditions set forth in the Fee Agreement.

**DATED** this 29 day of July, 2009.

**WES Construction Company, Inc.,**
  a Nevada corporation
**Trucking Services, LLC**
**Heavy Equipment Services, LLC,**
  Nevada limited liability companies

_____/s/_____
Michael A. Brandt

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\WES Constr\App Empl ARS (JA) 072709.wpd

- 6 -

## VERIFIED DECLARATION OF ATTORNEY

I, ALAN R. SMITH, ESQ., declare under penalty of perjury that the assertions of this statement are true.

1. That Declarant is an attorney at law licensed to practice in the above-entitled Court, and a member of the Law Offices of Alan R. Smith, which firm Debtor is seeking to employ to represent it in the above-entitled Chapter 11 case.

2. That the representations set forth in paragraphs 6, 7, 8 and 9 of the Application to Employ Attorney For Debtor are true and accurate. Except for such sections set forth in the Application, to the best of Declarant's knowledge and belief, the Law Offices of Alan R. Smith does not hold or represent an interest adverse to the Debtor's estate and he is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code in that Alan R. Smith:

   a. Is not a creditor, equity security holder or insider of the Debtor(s);

   b. Is not and was not investment bankers for any outstanding security of the Debtor(s);

   c. Has not been, within three (3) years before the date of the filing of the Debtor's Chapter 11 petition (i) investment bankers for a security of the Debtor, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

   d. Is not and was not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

   e. Does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in the subparagraph (b) or (c) of this paragraph.

3. That to the best of Declarant's knowledge and belief, the Law Offices of Alan R. Smith has no other connection with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\WES Constr\Employ\App Empl ARS (JA) 072809.wpd        - 7 -

**DATED** this 29th day of July, 2009.

             /s/ Alan R. Smith
             ALAN R. SMITH

REVIEWED: [Re: WES Construction Company, Inc.]

*Reviewed - not signed*

UNITED STATES TRUSTEES OFFICE
Dated: _____, 2009

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\WES Constr\Employ\App Empl ARS (JA) 072809.wpd

- 8 -

# **ATTORNEY FEE AGREEMENT**
(Chapter 11)

THIS AGREEMENT is made effective this _____ day of July, 2009, by and between

Name:     **WES CONSTRUCTION COMPANY, INC.,** a Nevada corporation

Address:  415 PARR CIRCLE, RENO, NV 89512

(referred to herein as "Client") and the Law Offices of Alan R. Smith (referred to herein as "Attorney").

1. <u>Services To Be Provided By Attorney</u>.

Client hereby engages Attorney to provide all legal services reasonably required to represent Client in connection with Client's reorganization case under Chapter 11 of the Bankruptcy Code (hereinafter the "Matter"). Such services shall include services as necessary in Attorney's discretion, including, if applicable: consultation, pre-petition planning, and preparation of the initial petition, preparation of schedules and statements, defense of motions for relief from stay, preparation of a plan of reorganization and a disclosure statement, assisting in the implementation of a confirmed plan, and such other matters as may be necessary in order to effectively reorganize and to comply with the requirements of the Bankruptcy Code. In order to enable Attorney to effectively render these services, Client shall be truthful with Attorney in discussing the Matter and shall keep Attorney apprized of all developments regarding the Matter. The Client shall specifically advise Attorney immediately if Client is unable to pay ongoing expenses for operation of its business post-petition, particularly including (without limitation) payment of Internal

Revenue Service employee income and withholding taxes or any other applicable taxes, rent or mortgage payments and other secured debt(s), lease obligations, salaries, purchase of necessary goods, and payment of necessary services. The Client shall otherwise cooperate with Attorney in the Matter and shall be reasonably available to attend meetings, court appearances, or other proceedings in connection with the Matter. Client hereby acknowledges that Attorney is not Client's general counsel and that acceptance of this engagement by Attorney does not involve representation of Client or Client's business interests in any matter other than the subject reorganization case.

    2.    <u>Fees</u>.

        a.    As compensation for the services to be performed by Attorney pursuant to Section 1 above, Client agrees to pay fees to Attorney at the basic hourly rate set forth on the Schedule, subject to periodic changes as provided herein and subject to adjustment as provided by Section 2(b) below. The basic hourly rates set forth in the Schedule are subject to periodic adjustments to reflect economic and other conditions, and, on occasion, to reflect the firm member's increased experience and expertise. The Attorney shall give Client thirty (30) days' notice of any such change, and Client shall be presumed to have agreed to the new basic hourly rates if Client does not advise Attorney in writing within thirty days following receipt of the notice.

        b.    Time for legal personnel is charged in the minimum increments of one-tenth (1/10th) of an hour, except as may be otherwise noted on the Schedule with respect to a specific task.

c.  The time billed to Client by Attorney may include, without limitation, time spent waiting in court, time spent in travel, and time spent in office conferences between or among the legal personnel assigned to the Matter and time spent in strategizing the case. When such personnel engage in office conferences, each person will charge for his or her time expended. Likewise, if more than one of the Attorney's legal personnel attends a meeting, court hearing or other proceeding, each will charge for his or her time. Attorney shall assign legal personnel to the Matter solely in Attorney's judgment.

d.  Client hereby acknowledges that although Attorney may, from time to time for Client's convenience, furnish Client with estimates of the amounts of fees which Attorney anticipates will be charged with respect to services to be performed under this Agreement, Attorney is not obligated to do so, and such estimates are by their nature inexact and are not binding on either Attorney or Client.

3.  Costs and Expenses.

Client agrees to pay Attorney, in accordance with this Section 3, all costs and expenses incurred in performing legal services in connection with the Matter. Such costs and expenses may include, without limitation, long distance telephone or conference calls; messenger and other delivery fees; facsimile charges; postage; court docket services (i.e., PACER); client-specific office supplies and materials; charges for computer research and data retrieval and outside assisted legal research; travel expenses such as mileage, parking, air fare, meals and hotel accommodations (travel charges shall be in addition to the hourly rates for travel time); photocopying and other reproduction charges; clerical staff overtime;

overtime charges for word processing services; charges for computer time; process service fees; filing fees and other charges assessed by courts and other public agencies; court reporter fees; jury fees; witness fees; investigator fees; expert fees or consultant fees; and similar items. Except as may be listed on the Schedule, all such items will be charged to Client as Attorney's costs and the Attorney shall be reimbursed therefor.

4. <u>Retainer / Funds In Trust</u>.

Client hereby agrees to pay, upon execution of this Agreement, a retainer in the amount as indicated on the attached schedule (the "Schedule"), which shall be placed in a trust account (the "Retainer"). This Agreement shall not become effective until Attorney receives such retainer. The Retainer shall be held in trust for Attorney, which shall be considered a retaining trust in accordance with Nevada law. All fees earned pre-petition shall be immediately paid from the Retainer. All post-petition fees shall be subject to approval of the Bankruptcy Court in accordance with 11 U.S.C. § 330. Disbursements shall be immediately made from Retainer to pay post-petition fees as approved by the Bankruptcy Court. Additional deposits to the retainer may be made by client post-petition subject to notice as required by Fed.R.Bankr.P. 2016, and such other order of the Bankruptcy Court as may be required. After satisfaction of any invoices that are outstanding at the conclusion of the representation, any unused portion of the Retainer shall be refunded to Client, unless otherwise required by the Bankruptcy Court or Bankruptcy Code.

5. <u>Billings</u>.

Attorney will send Client an invoice for fees and costs incurred on a monthly

basis. Attorney's invoices shall clearly state the basis thereof, including a description of the services, amount of time spent for the service, and rate and basis for calculation of Attorney's fees. Client agrees to pay Attorney at the normal hourly rates for any time spent by Attorney in attempting to collect unpaid fees and costs owed by Client. A $25.00 administrative fee shall be assessed on all checks returned by Client's bank for any reason as well as all bank charges assessed in connection therewith.

6. <u>Disclaimer</u>.

Attorney has made no promises or guarantees to Client concerning the outcome of the Matter, and nothing in this Agreement shall be construed as such a promise or guarantee.

7. <u>Termination of Service</u>.

a. Client shall have the right at any time to terminate Attorney's services upon written notice to Attorney, and Attorney shall immediately after receiving such notice cease to render additional services. Such termination shall not, however, relieve Client of the obligation to pay the fees due for services rendered and costs incurred prior to such termination.

b. If Client fails to meet any of Client's obligations under this Agreement, Attorney shall have the right to terminate this Agreement, and Client shall take all steps necessary to free Attorney of any obligation to perform further, including, without limitation, the execution of any documents necessary to complete Attorney's discharge or withdrawal. The right of Attorney hereunder is in addition to those created by statute or recognized by

rules of professional conduct.

      c.    If Attorney is required to commence an action to collect unpaid fees, Attorney shall be entitled to fees and costs associated with such collection.

      d.    If Attorney determines that Client's business is operating at a loss post-petition.

      e.    If Attorney determines, in his sole discretion, that Client will be unable to pay current outstanding billings of Attorney, or billings reasonably projected to be incurred by Attorney in the future.

      f.    Following plan confirmation, Attorney is not Client's attorney of record. However, if Attorney continues to render services to Client, Attorney shall be paid in accordance with this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below.

ATTORNEY:

LAW OFFICES OF ALAN R. SMITH

Dated: _____    By_____
                                                       ALAN R. SMITH, ESQ.

CLIENT:
WES CONSTRUCTION COMPANY, INC.

Dated: _____    _____
                                                       By: Michael A. Brandt, Treasurer

## SCHEDULE

### DESCRIPTION OF MATTER AND SCHEDULE OF RATES

(Chapter 11)

1. <u>Matter</u>.

    Representation of Debtor(s) in all aspects of Chapter 11 reorganization and proceedings in connection therewith.

2. <u>Fees</u>.

    | | |
    |---|---|
    | Alan R. Smith, Esq. | $425.00 per hour |
    | Peggy L. Turk/Paralegal | $205.00 per hour |
    | Merrilyn Marsh, ACP/Paralegal | $195.00 per hour |
    | Other Paraprofessional Services | $ 75-95 per hour |

3. <u>Retainer Deposit</u>.

    $60,000.00. (Includes the Chapter 11 filing fees of $1,039 for three cases: WES Construction Company, Inc., Trucking Services, LLC and Heavy Equipment Services, LLC).