1  NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
   State Bar # CA 117234
2  WILLIAM B. COSSITT, #3484
   OFFICE OF THE UNITED STATES TRUSTEE
3  300 Booth Street, Room 2129
   Reno NV 89509
4  USTPRegion17.RE.ECF@usdoj.gov
   Telephone: (775) 784-5335
5  Fax: (775) 784-5531

6  Attorney for Acting United States Trustee
   Sara L. Kistler
7

8                          UNITED STATES BANKRUPTCY COURT
9
                                  DISTRICT OF NEVADA
10
   In re:                               )   Case no: BK-N-09-52177-GWZ
11                                       )   Case no: BK-N-09-52178-GWZ
   WES CONSTRUCTION CO.,                 )   Case no: BK-N-09-52181-GWZ
12 HEAVY EQUIPMENT SERVICES, LLC, and    )   (Jointly Administered Ch. 11's)
   TRUCKING SERVICES, LLC                )
13                                       )   US TRUSTEE'S OBJECTION TO
                                         )   APPLICATION TO EMPLOY ATTORNEY
14                                       )   FOR DEBTORS
                                         )
15                                       )   Hearing Date: August 26, 2009
                        Debtor.          )   Hearing Time: 10:00 a.m.
16                                       )   Est. Time Req.: 20 min.

17        The Acting United States Trustee ("US Trustee"), by and through her undersigned counsel,

18 respectfully submits her objection to the Application To Employ Attorney For Debtor (the

19 "Application").

20        The Application cannot be approved because the Applicant concurrently represents Reno

21 Quality Homes, Inc., in case no. 09-52371-GWZ, which owes the Debtors $436,743.25,

22 secured by deeds of trust. Such dual representation violates 11 U.S.C. § 327, the prohibition

23 against representing conflicting interests Nevada Rule of Professional Conduct ("NRPC") 1.7,

24 and the requirement of a professional's fiduciary duty of undivided loyalty to his client.

25        This Objection is made pursuant to Section 327 of the Bankruptcy Code, Federal Rules

26 of Bankruptcy Procedure ("FRBP") 2014, and NRPC 1.7. This Objection is also based upon the

27 following points and authorities, the pleadings and papers on file herein and in Case No. 09-

28 52371-GWZ, for which the US Trustee requests judicial notice be taken.

1

2

## POINTS AND AUTHORITIES

### LEGAL AUTHORITIES

3  The US Trustee, pursuant to the provisions of 28 U.S.C. § 586(a)(3)(I), has the duty to

4 monitor applications filed under Section 327 of title 11 and, when deemed appropriate, to

5 file with the Court comments and objections with respect to the approval of such

6 applications.

7  Section 327(a) authorizes the debtor to employ professionals who are: (i) disinterested

8 persons, and (ii) that do not hold or represent an interest materially adverse to the estate, any

9 class of creditors, or equity security holders.  In order to enforce compliance with these

10 prohibitions, FRBP 2014 requires employment applications and the accompanying verified

11 statement to state "to the best of the applicant's knowledge, all of the person's connections

12 with the debtor, creditors, any other party in interest, their respective attorneys and

13 accountants, the United States trustee or any person employed in the office of the United

14 States trustee."  FRBP 2014(a).

15  "Section 327(a) prescribes a two-pronged test for the employment of a professional

16 person—the 'adverse interest' test and the 'disinterestedness' test, both of which must be met

17 before a professional person is eligible to be employed."  In re Kings River Resorts, Inc. 342

18 B.R. 76, 88 (Bankr. E.D. Cal. 2006).  If the professional sought to be employed does not

19 satisfy one prong of this standard, the Bankruptcy Code prohibits the Court from authorizing

20 his or her employment.  In re Middleton Arms, Ltd. Partnership, 934 F.2d 723 (6th Cir. 1991).

21 The Court may not approve the employment of a person who is not disinterested, even if such

22 employment would be in the best interests of the debtor.  Id.  "The bankruptcy court does not

23 have authority to allow the employment of a professional in violation of § 327, and the

24 employment is void ab initio."  In re Mehdipour, 202 B.R. 474, 478 (9th Cir. BAP 1996),

25 affirmed without opinion, 139 F.3d 1303 (9th Cir. 1998), citing, In re EWC, Inc., 138 B.R.

26 276, 281 (Bankr. W.D. Okla. 1992).

27  A "disinterested person" is defined in 11 U.S.C. § 101(14):

28    The term "disinterested person" means a person that—

- 2 -

1   (A) is not a creditor, an equity security holder, or an insider;
    (B) is not and was not, within 2 years before the date of the filing of the
2   petition, a director, officer, or employee of the debtor; and
    ( C) does not have an interest materially adverse to the interest of the estate or
3   of any class of creditors or equity security holders, by reason of any direct or
    indirect relationship to, connection with, or interest in, the debtor, or for any
4   other reason.

5       "Disinterestedness has been defined as possessing or asserting any economic interest

6   that would tend to lessen the value of a bankruptcy estate or create an actual or potential

7   dispute in which the estate is a rival claimant." In re Kings River Resorts, Inc. 342 B.R. at 87.

8   The purpose of the rule is to assure undivided loyalty to the debtor. Id. citing, First Interstate

9   Bank of Nevada, N.A. v. CIC investment Corporation (In re CIC investment Corp.), 192 B.R.

10  549, 553-554 (9thCir. BAP 1996). "[T]he bankruptcy court must determine whether any

11  competing interest of a court-appointed professional 'created either a meaningful incentive to

12  act contrary to the best interests of the estate and its sundry creditors—an incentive sufficient to

13  place those parties at more than acceptable risk—or the reasonable perception of one.'" In re

14  Kings River Resorts, Inc. 342 B.R. at 84, citing, Rove v. Braunstein, 19 F.3d 54, 58 (1st Cir.

15  1994) citing, In re Martin, 817 F.2d 175, 180 (1st Cir. 1987)(Emphasis in original).

16      The term "adverse interest" is not defined by the Code. However, by judicial

17  definition, "to hold an adverse interest" [means:] (1) to possess or assert any economic

18  interest that would tend to lessen the value of the bankruptcy estate or that would create

19  either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a

20  predisposition under circumstances that render such bias against the estate." In re Tevis, 347

21  B.R. 679, 688 (9th Cir. BAP 2006). See also, In re American Printers, 148 B.R. 862 (Bankr.

22  N.D. Ill. 1992); Collier on Bankruptcy § 327.04[2][b], pg. 327-41 (L. King 15th ed. Rev.

23  2006). "The ultimate decision as to whether there is a disqualifying conflict or adverse

24  interest lies within the discretion of the court." In re Mehdipour, 202 B.R. at 478.

25          To represent an adverse interest means to serve as an attorney for an
        entity holding such an adverse interest. In re Star Broadcasting, 81 B.R. 835,
26      838 (Bankr. D.N.J. 1988); In re Roberts, 46 B.R. 815, 827 ((Bankr. D. Utah
        1985), aff'd in relevant part, 75 B.R. 402 (D. Utah 1987). For the purposes of
27      disinterestedness, a lawyer has an interest materially adverse to the interest of
        the estate if the lawyer either holds or represents such an interest. See, e.g.,
28      Electro-Wire Prods., Inc. V. Sirote & Permutt (In re Prince), 40 F.3d 356, 360-
        61 (11th Cir. 1994); Star Broadcasting, 81 B.R. at 838; Roberts, 46 B.R. at

- 3 -

1    827.

2    In re Tevis, 347 B.R. at 688.

3        NRPC 1.7[1] states: "a lawyer shall not represent a client if the representation involves a

4    concurrent conflict of interest." "A concurrent conflict of interest exists if: (1) The

5    representation of one client will be directly adverse to another client; or (2) There is a

6    significant risk that the representation of one or more clients will be materially limited by the

7    lawyer's responsibilities to another client, a former client or a third person or by a personal

8    interest of the lawyer."  NRPC 1.7.

9        Subsection (b) of NRPC 1.7 regarding waiver is not applicable because Section 327

10   does not allow its limitations on employment to be excused by waiver or circumvented by

11   agreement or consent.  In re Amdura, 121 B.R. 862, 866 (Bankr. D. Colo. 1990).

12                    APPLICATION OF LEGAL AUTHORITIES TO FACTS

13       A professional should not put himself in the position of having to divide his loyalties.

14   Representing more than one adverse party, such as a debtor and its creditors, presents an

15   inherent conflict of interest because both clients rely upon the professional's advice and the

16   client's respective interests are adverse to each other.  A professional in a bankruptcy case

17   should not put himself in a position where such influences and issues may arise.

18       Applicant currently represents Reno Quality Homes, Inc., case no. 09-52371-gwz,

19   which owes the Debtors $436,743.25, secured by deeds of trust.  Docket #1, pg. 12,

20   question 16; Docket for case No. 09-52371.   Reno Quality Homes, Inc., is also a "debtor-

21   in-possession."  The debts between Reno Quality Homes, Inc. and the Debtors are a current

22   conflict and adverse interests exist between the bankruptcy estates of the Debtors and Reno

23   Quality Homes, Inc..

24       For example, in WES Construction, Co., Applicant had to decide how to schedule the

25   debt of Reno Quality Homes, Inc., whether it was secured, whether it is over or under

26   secured, whether the security interest is perfected, whether it is liquidated or contingent or

27

28       [1] The applicability of NRPC 1.7 is addressed in In re Rossana, 395 B.R. 697, 701 n.4 (Bankr. D. Nev. 2008).

- 4 -

1   disputed. It was scheduled as <u>secured</u>, with a value of $436,743.25. Docket #1, pg. 12,

2   Question 16, Exhibit "A" hereto. However, in Reno Quality Homes, Inc., Applicant also had

3   to decide how to schedule the debt owed to WES Construction, Co. In Reno Quality Homes,

4   Inc., the claim of WES Construction Co., is scheduled as <u>wholly unsecured</u>. Case no. 09-

5   52371, Docket #12, pg. 8, Exhibit "B" hereto.

6           Applicant's $20,000.00 fee in Reno Quality Homes, Inc., was paid by UVNR, LLC.

7   Case no. 09-52371, Docket #12, pg. 27, Exhibit "C" hereto. UVNR, LLC holds a deed of

8   trust for $11,402,000.00, which is scheduled as partially unsecured ($9,902,000.00), on

9   Mountain View Estates, Phase 1, which is valued at $5,000,000.00. Case no. 09-52371,

10   Docket #12, pg. 8, Exhibit "B" hereto. WES Construction Co., holds a deed of trust for

11   $436,743.00, which is scheduled as wholly unsecured, on the same property: Mountain

12   View Estates, Phase 1. Case no. 09-52371, Docket #12, pg. 8, Exhibit "B" hereto.

13           A further conflict is that Reno Quality Homes, Inc., is acting through its President, Luke

14   R. Fitzgerald, (Exhibit "D" hereto), who is a co-debtor on the debts to WES Construction, Co.

15   Case no. 09-52371, Docket #12, pg. 21, Exhibit "E" hereto. However, the debts of Luke R.

16   Fitzgerald and the Robert N. & Sheryl Fitzgerald Trust are not scheduled as assets in WES

17   Construction, Co. Docket #1, pg. 12, question 16, Exhibit "A" hereto.

18           West Construction Co., received a $10,000.00 payment on June 5, 2009 from Reno

19   Quality Homes, Inc. Case no. 09-52371, Docket #12, pg. 25, Exhibit "F" hereto.

20           Both estates are parties to the High Valley Development, et al v. Jeff Codega Planning

21   & Design case No. CV07-02433, pending in Second Judicial District Court, Washoe County,

22   Nevada, regarding construction defect/Negligence, breach of contract. Docket #1, pg. 58;

23   Case no. 09-52371, Docket #12, pg. 26, collectively, Exhibit "G" hereto.

24           Applicant is required as general bankruptcy counsel to negotiate the terms of a

25   repayment plan for each estate. Applicant cannot negotiate with himself.

26           Section 328( c) of the Bankruptcy Code states that:

27             The Court may deny allowance of compensation for services and
              reimbursement of expenses of a professional person employed under section
28           327 or 1103 of this title if, <u>at any time during such professional person's</u>
              <u>employment</u> under section 327 or 1103 of this title, <u>such professional person</u>

1    is not a disinterested person, or represents or holds an interest adverse to the
     interest of the estate with respect to the matter on which such professional
2    person is employed. (Emphasis added).

3    Applicant is, and has been since he accepted employment by both Debtors, not

4    disinterested and representing materially adverse interests. Concurrent representation of

5    adverse interests results in automatic disqualification under 11 U.S.C. § 327(a). In re Tevis,

6    347 B.R. at 691.

7        Any professional who the court determines to hold or represent an interest
         adverse to the estate or who is not disinterested is not an officer of the estate
8        during the time of conflict and must be denied compensation for services
         performed during the conflict pursuant to § 330. EWC, 138 B.R. at 281.
9        However, the bankruptcy court has discretion to award or deny compensation
         for services performed outside of a conflict. Id. at 282.

10
     In re Mehdipour, 202 B.R. at 478. See also, In re Kings River Resorts, Inc., 342 B.R. 76, 87-
11
     89 (Bankr. E.D. Cal. 2006); In re Tevis, 347 B.R. 679 (9th Cir. BAP 2006).
12
     Despite full knowledge of the conflicts and the requirements of Section 327, Applicant
13
     accepted employment by the conflicting clients and has continued to represent them both
14
     post petition. Such open and willful disregard for the requirements of the Bankruptcy Code
15
     should not be tolerated by the Court.
16
                                        CONCLUSION
17
     WHEREFORE, for all the reasons stated above, the US Trustee respectfully requests the
18
     Court deny the Application To Employ Counsel and grant other relief as the Court deems
19
     proper.
20
     DATED this 14th day of August, 2009.
21

22                                                Respectfully submitted,

23                                                Nicholas Strozza
                                                  State Bar # CA 117234
24                                                William B. Cossitt
                                                  State Bar #3484
25                                                300 Booth Street, #2129
                                                  Reno NV 89509
26                                                (775) 784-5335

27                                                **/s/ WILLIAM B. COSSITT**

28                                                Attorneys for Acting United States Trustee
                                                  Sara L. Kistler

                                          - 6 -

1              **CERTIFICATE OF SERVICE**

2   1.   On August 14, 2009 I served the foregoing US TRUSTEE'S OBJECTION TO
         APPLICATION TO EMPLOY ATTORNEY FOR DEBTORS.
3
4   2.   I served the above-named document( by the following means to the persons as listed
         below:

5   ☒    **a. ECF System**:

6   BRUCE THOMAS BEESLEY bbeesley@lrlaw.com,
    rmaples@lrlaw.com;jmoulian@lrlaw.com;mburns@lrlaw.com

7   STEPHEN R HARRIS noticesbh&p@renolaw.biz

8   TIMOTHY A LUKAS ecflukast@hollandhart.com

9   ALAN R SMITH mail@asmithlaw.com, turk@asmithlaw.com;marsh@asmithlaw.com

10  CARYN S. TIJSSELING ctijsseling@lrlaw.com, kschaaf@lrlaw.com

11  U.S. TRUSTEE - RN - 11 USTPRegion17.RE.ECF@usdoj.gov

12  RICHARD D WILLIAMSON rich@nvlawyers.com, eileen@nvlawyers.com

13  ☒    **b. U.S. Mail, postage fully prepaid**:

14  ALAN R SMITH
    505 RIDGE ST
15  RENO, NV 89501

16  TIMOTHY LUKAS, ESQ.
    HALE LANE
17  5441 KIETZKE LANE, 2ND FLOOR
    RENO, NV 89511
18
    **WES CONSTRUCTION COMPANY, INC.**
19  P.O. BOX 33099
    RENO, NV 89533-3099
20

21
    I declare under penalty of perjury that the foregoing is true and correct.
22
            Signed:  ___Aug 14___, 2009.
23
            /s/ Robbin Little
24
            ROBBIN LITTLE
25

26

27

28

- 7 -



B6B (Official Form 6B) (12/07) - Cont.

In re    **WES CONSTRUCTION COMPANY, INC.**                                   Case No. _____
_____,
                                   Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **OPEN ACCOUNTS (AS OF 7/03/09 AND SUBJECT TO COLLECTION)** | - | 875,050.00 |
| | | **MECHANICS LIEN CLAIMS [FIRST GOLD $169,000; ST. JAMES VILLAGE $500,000; R & K HOMES $290,000] plus accrued, unpaid interest** | - | 959,000.00 |
| | | **NOTES SECURED BY DEEDS OF TRUST [RENO QUALITY HOMES $436,743.25; SYNCON HOMES $388,968.75], plus accrued, unpaid interest** | - | 825,712.00 |
| | | **MONIES DUE FROM RELATED PARTY (ROY WALKER)** | - | 3,940,992.86 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **INCOME TAX RECEIVABLE** | - | 3,129.00 |

Sub-Total >        **6,603,883.86**
(Total of this page)

Sheet  **1**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                   Best Case Bankruptcy



B6D (Official Form 6D) (12/07) - Cont.

In re    **RENO QUALITY HOMES, INC.**                                          Case No.    **09-52371**
_____
                                Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | 3/28/2007 | | | | | |
| UVNR, LLC PO BOX 8070 RENO, NV 89507 | | - | Deed of Trust<br><br>MOUNTAIN VIEW ESTATES, PHASE 1, APPROX. 34 IMPROVED LOTS | | | | | |
| | | | Value $        5,000,000.00 | | | | 11,402,000.00 | 9,902,000.00 |
| Account No. | | | 3/28/2007 | | | | | |
| UVNR, LLC PO BOX 8070 RENO, NV 89507 | | - | Deed of Trust<br><br>THE BLUFFS; APN: 003-122-18 | | | | | |
| | | | Value $        800,000.00 | | | | 5,249,000.00 | 5,198,651.00 |
| Account No. | | | 3/26/2008 | | | | | |
| WES CONSTRUCTION CO. AND/OR WESTERN REAL EST. MGMT GRP PO BOX 33099 RENO, NV 89533 | X | - | Deed of Trust<br><br>MOUNTAIN VIEW ESTATES, PHASE 1, APPROX. 34 IMPROVED LOTS | | | | | |
| | | | Value $        5,000,000.00 | | | | 436,743.00 | 436,743.00 |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 17,087,743.00 | 15,537,394.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 22,926,563.00 | 15,574,365.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                Best Case Bankruptcy



4

**7. Gifts**

None ■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| THE LAW OFFICES OF ALAN R. SMITH 505 RIDGE STREET RENO, NV 89501-1719 | 7/20/2009; paid by UVNR, LLC | $20,000.00 |

**10. Other transfers**

None ☐  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| KATHLEEN A. PLATT 5N849 HARVEST COURT SAINT CHARLES, IL 60175   NONE | 7/16/09 | SALE OF PROPERTY IN ORDINARY COURSE (MTN. VIEW LOT 39, APN 003-883-03) $289,000 |

None ■  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|



| Name, Address, Telephone No. & I.D. No.<br>**ALAN R. SMITH 1449**<br>**505 RIDGE STREET**<br>**RENO, NV 89501-1719**<br>**(775) 786-4579**<br>**1449** | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>District of Nevada | |
| In Re<br>**RENO QUALITY HOMES, INC.**<br><br>Debtor(s) | BANKRUPTCY NO.<br>CHAPTER NO. **11** |

### DECLARATION RE: ELECTRONIC FILING OF PETITION
### SCHEDULES, STATEMENTS AND PLAN (if applicable)

PART I - DECLARATION OF PETITIONER

I [We] __LUKE R. FITZGERALD__ and _____, the undersigned debtor(s) hereby declare under penalty of perjury that the information I have given my attorney and the information provided in the electronically filed petition, statements, schedules, amendments and plan (if applicable) as indicated above is true and correct. I consent to my attorney filing my petition, this declaration, statements, schedules and plan (if applicable) as indicated above to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be filed with the Clerk once all schedules have been filed electronically but, in no event, no later than 15 days following the date the petition was electronically filed. I understand that failure to file the signed original of this DECLARATION will cause my case to be dismissed pursuant to 11 U.S.C. § 707(a)(3) without further notice.

☐    If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7 or 13. I am aware that I may proceed under chapter 7, 11, 12, or 13 of 11 United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 or 13. I request relief in accordance with the chapter specified in this petition.

■    [If petitioner is a corporation or partnership] I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in this petition.

Dated: __July 21, 2009__

Signed:   **/s/ LUKE R. FITZGERALD**
           **LUKE R. FITZGERALD/PRESIDENT**
           (Applicant)

PART II - DECLARATION OF ATTORNEY

I, the attorney for the petitioner named in the foregoing petition, declare that, I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Dated: __July 21, 2009__

Signed:   **/s/ ALAN R. SMITH**
           **ALAN R. SMITH 1449**
           Attorney for Debtor(s)



B6H (Official Form 6H) (12/07)

In re   **RENO QUALITY HOMES, INC.**                                                 Case No.   **09-52371**
_____,
                                          Debtor

# SCHEDULE H - CODEBTORS - AMENDED

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| HIGH VALLEY DEVELOPMENT<br>PO BOX 8070<br>RENO, NV 89507 | SUN WEST BANK<br>5470 KIETZKE LANE<br>BLDG. #3<br>RENO, NV 89511 |
| HIGH VALLEY DEVELOPMENT, LLC<br>PO BOX 8070<br>RENO, NV 89507 | ELP CAPITAL, INC.<br>401 COURT STREET<br>SUITE A<br>RENO, NV 89501 |
| HIGH VALLEY DEVELOPMENT, LLC<br>PO BOX 8070<br>RENO, NV 89507 | ELP CAPITAL, INC.<br>401 COURT STREET<br>SUITE A<br>RENO, NV 89501 |
| LUKE R. FITZGERALD<br>PO BOX 8070<br>RENO, NV 89507 | ELP CAPITAL, INC.<br>401 COURT STREET<br>SUITE A<br>RENO, NV 89501 |
| LUKE R. FITZGERALD<br>PO BOX 8070<br>RENO, NV 89507 | TEMME, PETER & PODLESAK, BEVERLY<br>1200 RIVERSIDE DRIVE<br>#1249<br>RENO, NV 89503 |
| LUKE R. FITZGERALD<br>PO BOX 8070<br>RENO, NV 89507 | WES CONSTRUCTION CO.<br>AND/OR WESTERN REAL EST. MGMT GRP<br>PO BOX 33099<br>RENO, NV 89533 |
| LUKE R. FITZGERALD<br>PO BOX 8070<br>RENO, NV 89507 | ELP CAPITAL, INC.<br>401 COURT STREET<br>SUITE A<br>RENO, NV 89501 |
| LUKE R. FITZGERALD<br>PO BOX 8070<br>RENO, NV 89507 | SUN WEST BANK<br>5470 KIETZKE LANE<br>BLDG. #3<br>RENO, NV 89511 |
| RIVANA N. FITZGERALD<br>PO BOX 8070<br>RENO, NV 89507 | SUN WEST BANK<br>5470 KIETZKE LANE<br>BLDG. #3<br>RENO, NV 89511 |

**1**
_____ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

In re    **RENO QUALITY HOMES, INC.**                                    Case No.    **09-52371**
_____,
                                                    Debtor

## SCHEDULE H - CODEBTORS - AMENDED
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **ROBERT L. FITZGERALD**<br>**PO BOX 8070**<br>**RENO, NV 89507** | **SUN WEST BANK**<br>**5470 KIETZKE LANE**<br>**BLDG. #3**<br>**RENO, NV 89511** |
| **ROBERT N.& SHERYL FITZGERALD TRUST**<br>**PO BOX 8070**<br>**RENO, NV 89507** | **WES CONSTRUCTION CO.**<br>**AND/OR WESTERN REAL EST. MGMT GRP**<br>**PO BOX 33099**<br>**RENO, NV 89533** |
| **THE ROBERT & RIVANA FITZGERALD**<br>**IRREVACABLE TRUST AGMT DTD. 08-09-05**<br>**PO BOX 8070**<br>**RENO, NV 89507** | **ELP CAPITAL, INC.**<br>**401 COURT STREET**<br>**SUITE A**<br>**RENO, NV 89501** |
| **THE ROBERT & RIVANA FITZGERALD**<br>**IRREVACABLE TRUST AGMT DTD. 08-09-05**<br>**PO BOX 8070**<br>**RENO, NV 89507** | **ELP CAPITAL, INC.**<br>**401 COURT STREET**<br>**SUITE A**<br>**RENO, NV 89501** |
| **THE ROBERT & RIVANA FITZGERALD**<br>**IRREVACABLE TRUST AGMT DTD. 08-09-05**<br>**PO BOX 8070**<br>**RENO, NV 89507** | **SUN WEST BANK**<br>**5470 KIETZKE LANE**<br>**BLDG. #3**<br>**RENO, NV 89511** |

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037



2

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

              AMOUNT                    SOURCE

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **RENO CONSULTING** **PO BOX 8070** **RENO, NV 89507** | 6/4/09 $10,900; 6/15/09 $21,000 | $31,900.00 | $44,632.00 |
| **NORTHERN NEVADA HOMES** **PO BOX 8070** **RENO, NV 89507** | 6/4/09 | $10,900.00 | $89,100.00 |
| **WES CONSTRUCTION CO.** **PO BOX 33099** **RENO, NV 89533** | 6/5/09 | $10,000.00 | $436,743.00 |
| **UVNR, LLC** **PO BOX 8070** **RENO, NV 89507** | 7/17/09 | $47,393.00 | $11,402,000.00 |

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|



3

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of
☐       this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses
        whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **AVIAN AT TUSCANY v. D.W. ARNOLD** | **Construction Defect Claim by Third Party Defendant** | **2JDC, Washoe County, Reno, Nevada** | **Pending arbitration (10/12/2009)** |
| **William Manke v. United Construction Co.** | **Construction Defect Claim by Third Party Defendant** | **2JDC, Washoe County, Reno, Nevada** | **Pending mediation (7/29/09)** |
| **Cassero Ranch Chapter 40 Claimants against D.R. Horton, Inc.: 1. Michael D. and Janet L. Petty; 2. John A. Wakefield; 3. Shane Delarue; 4. Jorge Mendez, Jr.; 5. James A. MacMullen, Jr.; 6. Art Garcia and Maryann Dagninio; 7. Adriano R. Gilardini an Susy H. Nguyen; 8. Tyler and Laura Carson; 9. Frank F. and Jane F. Adorno; 10. Cyndi Brewer.** | **Construction Defect Claim by Third Party Defendant** | **2JDC, Washoe County, Reno, Nevada** | **Pending** |
| **Brian and Kim Spiersch et al. v. Pulte Homes; Case No. CV09-00265** | **Air quality claim by third party defendant** | **2JDC, Washoe County, Reno, Nevada** | **Pending** |
| **Patrick Grimes v. Lakemont Homes of Nevada, et al., Case No. CV06-02694** | **Construction Defect Claim** | **2JDC, Washoe County, Reno, Nevada** | **Pending** |
| **Tim and Melinda Wise v. S & D Rainbow Construction** | **Construction Defect Claim** | **2JDC, Washoe County, Reno, Nevada** | **Pending** |
| **WES Construction v. St. James Village, Case No. 09-00035** | **Collection (Mechanics lien action)** | **2JDC, Washoe County, Reno, Nevada** | **Pending** |
| **WES Construction v. R & K Homes** | **Collection (mechanics lien foreclosure action)** | **2JDC, Washoe County, Reno, Nevada** | **Pending** |
| **High Valley Development, et al v. Jeff Codega Planning & Design; Case No. CV07-02433** | **Construction Defect Claim by Third Party Defendant** | **2JDC, Washoe County, Reno, Nevada** | **Pending** |

None    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately
■       preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
        property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
        filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

3

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **RENO QUALITY HOMES, ET AL., v. JEFF CODEGA PLANNING & DESIGN; CASE NO. CV07-02433** | **NEGLIGENCE, BREACH OF CONTRACT** | **2JDC, WASHOE COUNTY, NEVADA** | **SETTLED 4/09** |
| **MARY ANN LORD-FERRARI v. RENO QUALITY HOMES, CASE #RSC-2009-000847** | **CLAIM FOR RECOVERY OF EARNEST MONEY DEPOSIT ON BREACHED CONTRACT** | **RENO JUSTICE COURT, RENO, NEVADA** | **$1,500 OF $5,000 EARNEST MONEY DEPOSIT DUE LORD-FERRARI** |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ☐    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **MONTY BALDWIN, TRUSTEE MONTY BALDWIN TRUST PO BOX 1011 RENO, NV 89504** | **10/24/2008** | **DEED IN LIEU OF FORECLOSURE FOR LOT A-2, BELFORD ESTATES (APN 018-191-84)** |

**6. Assignments and receiverships**

None ■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|