

**Entered on Docket
December 02, 2009**

_____
**Hon. Gregg W. Zive
United States Bankruptcy Judge**

Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Ste. B
Reno, Nevada  89509
Telephone: (775) 324-2800
Facsimile: (775) 324-1818
notices@bankruptcyreno.com

Attorneys for Debtors

E-Lodged 11/25/09

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO.  BK-N-09-52177-GWZ (Lead) |
| | CASE NO.  BK-N-09-52178-GWZ |
| WES CONSTRUCTION COMPANY, | CASE NO.  BK-N-09-52181-GWZ |
| INC., a Nevada corporation, | (Jointly Administered) |
| | |
| HEAVY EQUIPMENT SERVICES, | CHAPTER     11 |
| LLC, a Nevada limited liability company, | |
| | **ORDER GRANTING MOTION AND (1) AUTHORIZING SALE OF PERSONAL PROPERTY, (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS, AND (3) AUTHORIZING REJECTION OF UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY** |
| TRUCKING SERVICES, LLC, | |
| a Nevada limited liability company, | |
| | |
| Debtors. | |
| | |
| | |
| | **Hearing Date: 11/19/09** |
| | **Hearing Time: 2:00 P.M.** |
| | **Time Req'd: 15 min.** |
| | **Set By: GWZ** |
| _____/ | |

The matter came before the Court on the Motion by WES Construction Company, Inc. ("WES") for an order authorizing the sale of personal property free and clear of liens and encumbrances together with the assumption and assignment of specific executory contracts, and rejection of an unexpired lease of non-residential real property, effective as of September 1, 2009 ("Motion").  Jeffrey Hartman appeared on behalf of WES.  WES

Directors Mark Smith and David Clark were also present in the courtroom. The Committee of Unsecured Creditors ("Committee") was represented by John White. MB Financial was represented by Bruce T. Beesley and Roy Walker and R Construction ("RC")[1] were represented by Timothy A. Lukas. William B. Cossitt appeared on behalf of the United States Trustee. Other appearances were noted on the record.

Having considered the Motion, the Supporting Declaration of Mark Smith and the Supplement to the Motion which included a complete set of transaction documents, as well as the Objections filed by MB Financial and by the Committee, and the presentations of counsel, and upon the entire record in this case, of which the Court takes judicial notice, the Court stated its findings of fact and conclusions of law on the record as authorized by and in accordance with F.R.Bankr.P. 7052. In addition, the Court makes the following written findings of fact and conclusions of law:

1. This chapter 11 case was filed on July 6, 2009 ("Petition Date") and since that time has operated as debtor-in-possession.

2. WES owned a significant amount of construction equipment and vehicles. Most but not all of the equipment was subject to the MB security interest.

3. On October 2009, an auction was held at which Ritchie Bros. Auctioneers sold substantially all of the equipment. Certain equipment was excluded from the auction pursuant to an agreement between and among WES, MB and Walker ("Excluded Equipment"). Some of the Excluded Equipment is owned by WES free and clear and some is subject to a security interest in favor of MB.

4. As of the Petition Date, there were essentially two categories of work being performed by WES. One category of work can be identified as public works projects. There were three public works jobs in process at the Petition Date:

    A. Town Of Minden 2009 Alley and County Road Waterline Upgrades, Minden, Nevada.

---

[1] Since the hearing was held it has been determined that the new Walker entity to acquire the assets and assume the executory contracts will be R Construction.

      B. United States Border Patrol Station, Tucson, Arizona (Lead Contractor Suulataaq, Inc.)

      C. Michael D. Thompson Trailhead at Hunter Creek, Washoe County, Nevada.

("Public Works Executory Contracts"). The Public Works Executory Contracts are intended to include any and all change orders or other modifications to those contracts.

    5. Integral to the Public Works Executory Contracts are payment and completion bonds issued by Western Insurance Company ("Public Works Contract Bonds"). Importantly, Walker is a guarantor of each of the Public Works Contract Bonds.

    6. The second category of work performed by WES involved a variety of jobs for utilities companies such as AT&T and NV Energy.

      A. AT&T 2392 PB For Outside Plant/Labor Construction Services ("AT&T Contract").
The AT&T Contract provides that it may be assigned with the consent of the parties. The AT&T Contract contains confidential and proprietary information which may not be disclosed to third parties.

      B. NV Energy ("NV Contract")
The NV Contract involves services of digging vaults, trenches, backfilling, digging anchors, trenching, maintenance, new construction, failures. The NV Contract also includes maintenance and construction services related to natural gas transmission facilities. The NV Energy Contract also includes services related to the removal of soils excavated in conjunction with construction of natural gas lines The NV Contract contains confidential and proprietary information which may not be disclosed to third parties

("Executory Utilities Contracts").

    7. In August 2009, WES's management was aware that the Debtor could not complete the Public Works Executory Contracts and could not provide the services necessary to fulfill obligations under the Executory Utilities Contracts without additional financial support. In order to avoid breaches and preserve value as well as to preserve jobs for approximately 30 employees, WES entered into an agreement with Walker and his company RC pursuant to which RC would assure continuing performance by WES under

1  those contracts with the consent of the utility companies. Under this agreement, RC would
2  be responsible for payroll of employees, insurance coverage, per diem utilization of vehicles
3  and equipment and other items necessarily required to fulfill responsibilities under the
4  Executory Utilities Contracts.

5        8. As part of the interim agreement with Walker and RC, and because of his
6  guarantee exposure under the Public Works Bonds, WES and Walker worked cooperatively
7  to assure the governmental agencies and Suulataaq, as well as Western Insurance Company,
8  that the Public Works Executory Contracts would be completed in accordance with the terms
9  of the respective contracts without defaults.

10       9. Each of the Public Works Executory Contracts contemplates a warranty obligation
11 as well as additional contractual obligations owed by WES.

12       10. WES and RC have entered into an agreement under which RC will purchase the
13 Excluded Equipment owned by WES and WES will assume and assign to RC the Public
14 Works Executory Contracts and the Executory Utilities Contracts. RC will pay a total of
15 $354,000: $234,000 will be paid for the Excluded Equipment$^2$ and $120,000 will be paid for
16 the Executory Utilities Contracts. The $120,000 will be in the form of a promissory note
17 ("Note") payable in four months and will accrue interest at the rate of 3.375%

18       11. Under the proposed transaction, the leased premises on Parr Circle wherein
19 Green Tea, LLC ("Green Tea") is the landlord and WES is the tenant, will be deemed
20 rejected effective as of October 31, 2009. In that regard, Green Tea will receive $8,000 for
21 rent for the months of July and August 2009 and reserves the right to seek approval for an
22 additional claim for administrative (post-petition) rent. WES will continue working with
23 Green Tea to remove waste tires and other unusable materials and will use its best efforts to
24 return the premises to the condition in which they existed at the commencement of the lease
25 period. WES representatives will have reasonable continuous access to the premises to carry

---

27    $^2$ Included on the list of Excluded Equipment are items with a valuation of $71,360 and in which MB holds a security interest. The remainder is certificated title equipment not subject to any
28 security interest.

out its obligations hereunder.

12. Sales of assets other than in the ordinary course of business may be had only after notice and a hearing. §363(b). Sales of assets free and clear of liens and encumbrances may only be had if the sale complies with at least one of the provisions of §363(f). Sales of assets are governed by the business judgment rule. The Excluded Equipment was valued by Ritchie Bros. Auctioneers ("RBA") in preparation for the October 2009 auction. There is no dispute regarding the value of those items in the list of Excluded Equipment and the $71,360 of the purchase price attributable to that equipment will be paid to MB at closing. The price being paid for the remainder of the Excluded Equipment is consistent with the RBA values established in conjunction with the October auction. The Court is satisfied that the price being paid for the Excluded Equipment is well within the range of the marketplace values and, in addition, there are no commissions or auctioneer's fees being paid in connection with this proposed sale.

13. Section 365(a) provides that an executory contract may be assumed and assigned only after notice and a hearing. An executory contract which may be assigned, may only be assigned if any existing default is cured and the non-debtor party is provided assurance of future performance. §365(b)(1). As of September 1, 2009, the Public Works Executory Contracts and the Executory Utilities Contracts meet the recognized definition of executory contracts.

14. Though separate and individually enforceable, the Public Works Executory Contracts and the Public Works Contract Bonds are intertwined. As of September 1, 2009, WES was not in default under any of the contracts and the non-debtor parties to the contracts have consented to the assignment.

15. WES has analyzed the range of values attributable to the Public Works Executory Contracts as well as the Executory Utilities Contracts and has negotiated an agreement whereby the estate will realize $120,000 upon assumption and assignment. An added benefit to the transaction is that approximately 30 people will remain employed in the

1  Reno community.  Moreover, the damages and the unsecured claims resulting from rejection
2  of these executory contracts would harm other creditors.
3      16. WES has presented this transaction as an asset purchase coupled with the
4  assumption and assignment of discrete contracts and agreements.  The transaction is not
5  intended to be a continuation of the business of WES and RC is not assuming any liabilities
6  of WES other than those specifically related to the Public Works Executory Contracts and
7  the Executory Utilities Contracts.
8      17. The Court finds and concludes that RC is a good faith purchaser for value and is
9  entitled to the safe harbor provision of §363(m).
10     18. The Court also finds and concludes that this transaction does not constitute a sale
11 of the business of WES but rather is an asset purchase only and creates no successor liability
12 for Walker or RC under the provisions of NRS 360.525 or 612.695 or any similar statutes.
13 Good cause appearing,
14     IT IS ORDERED that the Motion be and the same hereby is granted in its entirety,
15 and,
16     IT IS FURTHER ORDERED that WES representatives are authorized to execute the
17 transaction documents attached to the Supplement in order to consummate the sale,
18 assumption and assignment as contemplated in the Motion together with any ancillary
19 documents which may be required such as vehicle titles and the like; and
20     IT IS FURTHER ORDERED that the Court will retain continuing jurisdiction over
21 this transaction to resolve any disputes which may arise, and

1    IT IS FURTHER AND FINALLY ORDERED that the 10 day stay provisions in
2 F.R.Bankr.P. 6004(h) and 6006(d) are waived and the transaction may close as expeditiously
3 as possible.

5 Submitted by:
6 **HARTMAN & HARTMAN**

7 /s/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
8 Attorneys for Debtors

10 APPROVED / DISAPPROVED
11 **WHITE LAW CHARTERED**

12     /S/ John White
John White, Esq. for
13 Unsecured Creditors' Committee

15 APPROVED / DISAPPROVED
16 **LEWIS & ROCA**

17     /S/ Bruce Beesley
Bruce Beesley, Esq. For MB
18 Financial

20 APPROVED / DISAPPROVED
21 **HOLLAND & HART**

22     /S/ Timothy Lukas
Timothy Lukas, Esq. For
23 Roy Walker and R Construction

####