John White, Esq., Bar #1741

E-filed: April 23, 2010

White Law Chartered
335 West First St.
Reno, NV 89503
775-322-8000
FAX: 775-322-1228
john@whitelawchartered.com
Attorney for all Movants

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br>WES CONSTRUCTION COMPANY,<br>a Nevada corporation,<br>HEAVY EQUIPMENT SERVICES, LLC,<br>A Nevada limited liability company,<br>TRUCKING SERVICES, LLC,<br>A Nevada limited liability company.<br>Debtors-in-Possession | Case No. BK-N 09-52177-GWZ<br>Case No. BK-N 09-52178-GWZ<br>Case No. BK-N 09-52181-GWZ<br>[Jointly Administered under Case No. BK-N 09-52177-GWZ]<br><br>Chapter 7<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER<br>1) RECONSIDERING ORDERS APPROVING CHAPTER 7 TRUSTEE'S EX PARTE APPLICATIONS TO EMPLOY AND TO PAY STEVE BENNYHOFF<br>2) REQUIRING MR. BENNYHOFF TO DISGORGE FEES PAID TO HIM DURING THE CHAPTER 11 PHASE OF THIS CASE; AND<br>3) PROVIDING FOR THE CONTINUANCE OF THE § 1102(a)(1) UNSECURED CREDITORS' COMMITTEE.<br><br>Hearing Date:  __PENDING__<br>Hearing Time:  __PENDING__ |

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

1

The Official Committee of Unsecured Creditors (the "Committee") of WES Construction Company, Inc.; Heavy Equipment Services, LLC; and Trucking Services, LLC, ("Debtor(s)"), and, to the extent the Committee may not have standing, Specialty Equipment Services, LLC, Active Asset Management, LLC, and Lyle Kibbe, by counsel, hereby move (the "Motion") this Court:

1. For an order reconsidering and reversing its: i) February 16, 2010 Order approving the Trustee's Motion to employ and pay Steve Bennyhoff; and, ii) February 26, 2010, March 3, 2010, March 24, 2010 and April 2, 2010 Orders approving the Trustee's Applications to pay Mr. Bennyhoff's fees and costs("Orders"), for the reason that Mr. Bennyhoff has not filed an affidavit of disinterestedness;

2. For an order requiring Mr. Bennyhoff to disgorge fees improperly paid to him during the Chapter 11 phase of this Case, for the reason that Mr. Bennyhoff has not filed an affidavit of disinterestedness; and

3. For an order expressly continuing the Committee during the Chapter 7 phase of this Case, nunc pro tunc to December 8, 2009.

In support of this Motion, the Committee relies on 11 U.S.C. §327, Fed.R.Bank.P. 2014, the below Points and Authorities, and the files and records in this Case.

Respectfully submitted this 23rd day of April, 2010.

_____
John White, Esq.

## POINTS AND AUTHORITIES

### Jurisdiction

2

This Court has subject matter jurisdiction under the provisions of 28 USC § 157(b) and 1334(b). This is a core proceeding pursuant to 28 USC § 157(b)(2)(A).

### Standing

The Committee has standing to bring this Motion. This Case was filed on July 6, 2009. The Committee was appointed pursuant to 11 USC § 1102 on August 18, 2009 and undersigned's retention was approved by this Court on August 31, 2009, pursuant to 11 USC § 1103. These are Chapter 11 provisions which do not apply in Chapter 7. (11 U.S.C. § 103(b)). Nonetheless, a Committee may continue to operate, post conversion. In *In re SPM Mfg. Corp.*, 984 F.2d 1305 C.A.1 (Mass.), 1993 the Chapter 11 case was converted to Chapter 7 and a Chapter 7 Trustee appointed. Thereafter the Committee was allowed to continue, apparently without benefit of a post-conversion order continuing its existence, for purposes of enforcing an agreement that it had entered into with a secured creditor prior to conversion of the Case. The Court implicitly recognized, without addressing the issue, that the Committee had standing to participate in the Case following conversion

> A leading commentator puts the matter as follows:
>> Conversion of a bankruptcy case from Chapter 11 to Chapter 7 often results in the dissolution of a committee. Code § 348, which deals with the effect of conversion, does not provide for the continuance of a Chapter 11 committee after conversion to Chapter 7. Instead, Code § 705 permits certain creditors in a Chapter 7 bankruptcy case to elect a committee to represent their interests. As a result, most courts have held that the Chapter 11 committee is automatically dissolved upon conversion. One case, however, has held that the postconversion continuance of a Chapter 11 committee was warranted to assist the trustee and the court.

5 Norton Bankruptcy L. & Prac. 3d, § 98:21

In *In re Lyons Transp. Lines, Inc.*, 162 B.R. 460, Bkrtcy.W.D.Pa.,1994, the Court, on converting the case, specifically ordered that the committee continue. Here, though no such order was entered, on converting the case this Court indicated that it contemplated that the Committee would continue to exist, to wit:

3

> I see no reason not to convert. And that does not mean that the equitable subordination claim disappears as I've already indicated.
>
> And I understand also what Mr. White would seek to do in terms of allowing the committee to continue to exist and provide assistance to a chapter 7 trustee. And I think that's a matter of discussing that with the chapter 7 trustee and the Office of the US Trustee. And if an agreement can be arrived at that is certainly one avenue. If agreement cannot be obtained then file the appropriate motion and I'll make that determination.

November 19, 2009 hearing audio at 3:15:10 pm to 3:15:45 pm.

## Issues

1. Can a professional who refuses or neglects to file the affidavit of disinterestedness required by Fed.R.Bank.P 2014 be hired by a Chapter 7 Trustee and paid by the estate?

2. Can a professional whose employment was not approved by this Court be paid for work done during the Chapter 11 phase of this case?

3. Under the circumstances of this Case, should the Court order that the Committee continue to function following conversion of this Case to Chapter 7 and, if so, should that order be nunc pro tunc to the conversion date (December 8, 2009)?

## Facts

Facts pertaining to the administration of these cases:

1. The above-caption debtors filed petitions commencing cases under chapter 11 of the Bankruptcy Code on July 6, 2009 (the "Petition Date") (Doc 1). The debtors operated as debtors-in-possession until this Court entered its December 8, 2009 Order converting these cases to chapter 7 (Doc 241).

2. The Committee was duly appointed by the Office of the United States Trustee on August 18, 2009 (Doc 101).

3. White Law Chartered was employed and retained as Committee counsel by this Court's order entered August 31, 2009 (Doc 133).

4. Keith J. Tierney ("Mr. Tierney" or "Trustee") was appointed chapter 7 trustee by this Court's order entered January 5, 2010 (Doc 252).

Facts pertaining to the hiring and payment of Mr. Bennyhoff:

5. On February 12, 2010 Mr. Tierney filed a motion seeking this Court's approval to employ Mr. Bennyhoff and pay his fees for time from January 4 to January 7, 2010 in the amount of $1,640.00 as set forth in Mr. Bennyhoff invoice No. 13 (the "1st Trustee Motion") (Doc 267). Mr. Tierney asserts in his motion that "Mr. Bennyhoff, has been maintaining the books of WES Construction since it filed Chapter 11." This establishes that Mr. Bennyhoff was employed in the Chapter 11 phase of this case and that he presumably submitted at least twelve invoices to the Chapter 11 Debtor. No affidavit of disinterestness accompanied the motion.

6. On February 25, 2010 Mr. Tierney filed an second application seeking an order from this Court approving payment of Mr. Bennyhoff's fees for time from January 11 to January 13, 2010 and costs in the amount of $1,613.28 as set forth in Bennyhoff invoice No. 14 (the "2nd Trustee Application") (Doc 278). No affidavit of disinterestedness accompanied the Motion.

7. On March 2, 2010 Mr. Tierney filed a third application seeking an order from this Court approving payment of Mr. Bennyhoff's fees and costs in the amount of $6,409.50 (the "3rd Trustee Application") (Doc 281). The 3rd Trustee Application represented that "Exhibit A" to the application was Bennyhoff invoices No. 15 through 19, though Exhibit A was not attached and the Trustee so far has not supplied a copy to the Committee. No affidavit of disinterestedness was filed with the Motion.

8. On March 23, 2010 Mr. Tierney filed an application seeking an order from this Court approving payment of Mr. Bennyhoff's fees for time from February 1 to February 22, 2010 and costs in the amount of $6,893.20 as set forth in Bennyhoff invoice No. 20

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

through 24 (the "4th Trustee Application") (Doc 288). No affidavit of disinterestedness accompanied the Motion.

9. On April 2, 2010 Mr. Tierney filed an application seeking an order from this Court approving payment of Mr. Bennyhoff's fees for time from February 24 to March 31, 2010 and costs in the amount of $8,831.91 as set forth in Bennyhoff invoice No. 25 through 30 (the "5th Trustee Application") (Doc 297). No affidavit of disinterestedness accompanied the Motion.

10. By reason of the Trustee Motion and Applications, Mr. Bennyhoff has been paid $25,387.89 in the Chapter 7 phase of this Case:

| FILING | BENNYHOFF INVOICE NO. | AMOUNT |
|---|---|---|
| 1st Trustee Motion | 13 | $ 1,640.00 |
| 2nd Trustee Application | 14 | 1,613.28 |
| 3rd Trustee Application | 15 to 19 | 6,409.50 |
| 4th Trustee Application | 20 to 24 | 6,893.20 |
| 5th Trustee Application | 25 to 30 | 8,831.91 |
| Total | 13 to 30 | $25,387.89 |

Facts pertaining to Committee i) objections/responses to the employment/payment of Mr. Bennyhoff; and ii) efforts to assist the Trustee:

11. On February 16, 2010 White Law Chartered filed the Committee's objection to the 1st Trustee Motion (Doc 270), largely based on the lack of a disinterestedness affidavit from Mr. Bennyhoff.

12. In addition to other communications with the Trustee, some of which are detailed herein, the Committee attended the January 19, 2010 Meeting of Creditors (Doc 261)

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

6

which, when no Debtor representative appeared, was continued to January 25, 2010 and then to February 4, 2010. The Committee attended and participated in February 4, 2010 Meeting of Creditors (Doc 262) and at those time(s) indicated that it would render further assistance to the Trustee upon request.

## Argument

### A. MOTION TO RECONSIDER ORDER APPROVING THE HIRING OF MR. BENNYHOFF AND ORDERS AUTHORIZING PAYMENT OF HIS FEES.

<u>1) TIMELINESS</u>

Though each of the orders sought to be reconsidered was entered more than 14 days before the filing of this motion (Fed.R.Bank.P. 9023), this motion is nonetheless timely because:

1. The court may deny compensation to a professional if at "any time" he is not disinterested, to wit, 11 USC §328(c) provides:

> Except as provided in section <u>327 (c)</u>, <u>327 (e)</u>, or <u>1107 (b)</u> of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section <u>327</u> or <u>1103</u> of this title if, <u>at any time</u> during such professional person's employment under section <u>327</u> or <u>1103</u> of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

(Emphasis added)

2. The court may raise the issue of failure to comply with rules relating to disinterestedness sua sponte: 11 USC 105(a) provides, in pertinent part:

> (a) . . . No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

3. Reconsideration of interim fee awards is inherent in the nature of bankruptcy proceedings.

> The relief afforded under § 331, however, in no way restricts the bankruptcy court's ability to craft a final award under § 330. "Because interim awards are interlocutory and often

7

require future adjustments, they are '*always* subject to the court's reexamination and adjustment during the course of the case.'
*In re Strand*, 375 F.3d 854, 858 C.A.9 (Cal.), 2004.

4. The Orders are not subject to Fed.R.Bank.P 9023's 14 day reconsideration (new trial) deadline in that they were all entered without consideration of the effect of Mr. Bennyhoff's failure to file an affidavit of disinterestedness and therefore that issue was implicitly reserved for later determination. See *Steinberg v. Watt, Tieder, Hoffar, & Fitzgerald, L.L.P.*, 348 B.R. 52, D.Md.,2006, where the court did not require compliance with Fed.R.Bank.P 9023 largely because the order in question had not focused on and determined an essential element of the fee request.

5. If untimely under Fed.R.Bank.P 9023, this motion is timely under Fed.R.Bank.P. 9024. (Motion for relief from judgment by reason of "Misconduct of opposing party" and "any other reason").

The failure of the Chapter 7 Trustee to advise the Court that Mr. Bennyhoff had not filed an affidavit of disinterestedness was misconduct.

If not misconduct, failure to focus this Court's attention on the absence of the affidavit required by Fed.R.Bank.P. 2014 is sufficient reason for relief.

> Relief from judgment for "any other reason" under Fed.R.Civ.P. 60(b)(6) should be limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances.

See *In re Negrete*, 183 B.R. 195, 9th Cir.BAP (Cal.),1995. As stated in the below argument, failure of a professional to file an affidavit of disinterestedness is an exceptional circumstance.

6. Finally, should this court determine this Motion to be untimely, it is respectfully requested that the court treat it as an objection to Mr. Bennyhoff's next fee application, expected to be filed herein in early May, 2010. This request is made as fee applications are often approved summarily, without affording a realistic opportunity to object, all concerned recognizing that they are interim in nature. For example, on Friday, February 12, 2010, at 4:01 pm, the Chapter 7

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

8

Trustee filed his Application to Employ Steve Bennyhoff and Ex Parte Application for Compensation (Doc 267). The Committee objected on Tuesday, February 16 at 11:01 a.m., Tuesday being the first non-holiday (Monday was President's day) after the Application to hire Mr. Bennyhoff was filed (Doc 270). The Motion was granted 11 seconds after the Committee's objection was filed (Doc 271)[1]. Similarly, the Chapter 7 Trustee filed another Ex Parte Application (the fourth) to pay Mr. Bennyhoff at 11:58 a.m. on April 2, 2010 (Doc 297) and it was granted on April 2, 2010 at 2:42 p.m., less than three hours later (Doc 299). Such procedures are no doubt necessitated by this busy court's calendar and assume that the fee application complies with rudimentary bankruptcy principles. Here, the Chapter 7 Trustee nowhere brought to this Court's attention that the application to hire Mr. Bennyhoff was fatally defective in that it was not supported by an affidavit of disinterestedness.

2) MERITS

As the Chapter 7 Trustee is not authorized to conduct Debtor's business, there are two and only two possibilities concerning Mr. Bennyhoff's employment by the Trustee.

First, he could be a professional person hired pursuant to 11 USC § 327(a). Fed.R.Bankr.P provides, among other things, that in such circumstance:

> "... The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

Second, he could be an employee of the Trustee, paid for by the Trustee and subject to the Trustee cap set forth in 11 USC § 326. Trustee duties performed by a paraprofessional are subject to the cap. *Bolt v UST (In re Jenkins)*, 130 F.3d 1335, 1342 (CA 9 1997) ( "a trustee may

---

1. Though this opposition was almost certainly not brought to the Court's attention prior to entry of the order, it was expressly premised upon Mr. Bennyhoff's failure to file an affidavit of disinterestedness. As it was served on the Chapter 7 Trustee via the ECF system, the Trustee was advised that the Committee is demanding that Mr. Bennyhoff file a Rule 2014 affidavit of disinterestedness.

WHITE LAW CHARTERED LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

9

receive total compensation in excess of the § 326(a) limit only where the paraprofessional has been employed under § 327 and the services performed by the paraprofessional require expertise beyond that expected of an ordinary trustee.")

It is clear from the Bennyhoff fee applications that the Chapter 7 Trustee wants Mr. Bennyhoff paid from the estate rather than by the Trustee. Therefore Mr. Bennyhoff must be disinterested and cannot hold an adverse interest, to wit 11 USC 327(a) provides, in pertinent part:

> the trustee... may employ one or more attorneys, accountants, appraisers, or other professional persons, **that do not hold or represent an adverse interest to the estate, and that are disinterested persons,** to assist the trustee...

(Emphasis added).

This language means what it says. A Chapter 11 debtor's attorney who failed to file Fed.R.Bank.P. 2014 statement of disinterestedness was not entitled to any fees absent full disclosure. *In re Triple Star Welding*, 324 B.R. 778 (9th Cir. BAP 2005). The court had no discretion to waive this requirement. Furthermore, the court should have considered potential conflicts and receipt of a possible preference at the hearing on the fee application and could not insist that the conflict issues be addressed in an adversary proceeding. *In re Triple Star Welding, supra*. The practical effect of §327 as applied via §701 (trustee must be disinterested) and Rule 2014 is to put the burden on the professional to show that he holds no adverse interest, at the risk of non-payment if it should later be discovered that he failed to fully disclose. *AFI Holding, Inc.*, 530 F.3d 832,C.A.9,2008, pages 850-852. It is not incumbent on the creditors to show that the professional is interested.

**B. MOTION TO DISGORGE FEES PAID MR. BENNYHOFF DURING THE CHAPTER 11 PHASE.**

This Case was filed on July 6, 2009 under Chapter 11 of the Code and converted to Chapter 7 by order entered December 8, 2009. In the 1st Trustee Motion seeking approval to pay Bennyhoff Invoice No. 13, Mr. Tierney asserts "Mr. Bennyhoff, has been maintaining the books

10

of WES Construction since it filed Chapter 11." The Committee is informed that Mr. Bennyhoff's work at WES Construction began in late September 2009, almost three months after the Petition Date. In addition to the $25,387.89 that Mr. Bennyhoff has been paid so far during the Chapter 7 phase of this Case (see above), he was presumably paid significant additional funds during the Chapter 11 phase of this case for his first twelve invoices. However, though the Court was informally advised during the October 13, 2009 hearing that the Chapter 11 Debtor had employed Mr. Bennyhoff to complete the MORs (October 13, 2009 hearing audio at 10:39),[2] the record does not reflect that Mr. Bennyhoff's hiring was ever approved by this Court in the Chapter 11 phase of this case, does not reflect that Mr. Bennyhoff filed a Fed.R.Bank.P. 2014 statement of disinterestedness during the Chapter 11 phase of this case, and does not reflect that any part of his Chapter 11 fees were approved by this Court. In fact, during the October 13, 2009 hearing in this case the Court noted its concern of the absence of normal formalities in this Case. (October 13, 2009 hearing audio at 10:31)

The rules pertaining to the hiring and payment of professionals apply equally in all chapters of the Code, except that Fed.R.Bank.P. 1107 does not preclude a hiring solely because of such person's employment by or representation of the debtor before the commencement of the case. The record does not show that Mr. Bennyhoff was employed by the Debtor prior to the filing of the Petition in this case. Therefore, he could not be paid as a professional unless, after filing an affidavit of disinterestedness, his employment was approved by this Court.

## C. THE COMMITTEE SHOULD BE AUTHORIZED TO CONTINUE IN THIS CASE, POST-CONVERSION.

The Court apparently has the power to authorize the Committee to continue to act, post-conversion (see Standing discussion, above). The real question here, is whether the Committee's

---

2. The Committee notes its concern that this public hearing cannot readily be transcribed with non-proprietary software and the unnecessary difficulty, expense and delay that this involves.

counsel, approved during the Chapter 11 phase of the case, can continue to be paid after conversion and whether the Committee, with Court approval, can hire professionals and charge their fees to the estate. Unlike the case with Section 1103 committees (such as the instant one), a committee elected under 11 USC § 705 has no real power, nor can its professionals be paid by the estate. In re Dominelli, 788 F.2d 584, (9th Cir. 1986).

While he might not claim the Committee has been helpful, the Trustee is not expected to contend that the Committee has been inactive during the Chapter 7 phase of the case. This Motion is evidence of the need for a Committee with the powers of a §1103 Committee. For example, even though brought after conversion, the Motion seeks an order requiring Mr. Bennyhoff to disgorge fees he received in the Chapter 11 phase of this Case. This deals with Chapter 11 rather than Chapter 7 issues and, if successful, will benefit all creditors of this Estate. In addition, a Chapter 7 Committee would, as a practical matter, have a reduced ability to force the Chapter 7 Trustee to enforce the important disinterestedness provisions of 11 USC §327. True, it would have the power to bring the matter to the Court's attention, but the creditors would have to pay counsel to do so out of their own pocket, even though the benefit, if any resulted, would inure to the trade creditors as a whole.

### Conclusion

In the hopes of informally resolving this matter, the Committee has previously, as above, requested that the Chapter 7 Trustee provide it with Mr. Bennyhoff's affidavit of disinterested as required by Fed.R.Bankr.P. 2014. The Trustee has not done so, explaining that Mr. Bennyhoff is only performing ministerial functions for the estate, though the extent of Mr. Bennyhoff's fees, probably some $50,000 if both phases of this case are considered, seems to belie this.

Nonetheless if Mr. Bennyhoff is only performing ministerial functions, his fees must be paid by the Chapter 7 Trustee under his fee cap, and the Chapter 7 Trustee needs to hire a competent

12

professional to investigate the complicated affairs and relationships of the debtor, examine proofs of claim and the like. The Committee, recognizing this need, long ago posited such a professional, Michael Cohan, CPA/CFF. Mr. Cohan's affidavit of disinterested was filed herein on 11/10/09 (Doc 209). The Committee's motion to hire Mr. Cohan was denied, "without prejudice," on December 8, 2009 (Docket 240). The trade creditors in this case deserve an independent investigation into the debtor, its officers, directors and professionals.

Respectfully submitted this 23rd day of April, 2010.

John White, Esq.
Attorney for Unsecured
Creditor's Committee and
certain other moving creditors

Approved:

　　/s/ Neil H. Brandon
Neil Brandon, Chairman
Official Committee of Unsecured Creditors

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

The undersigned, being unsecured trade creditors in this case, agree to be co-movants to the foregoing OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER 1) RECONSIDERING ORDERS APPROVING CHAPTER 7 TRUSTEE'S MOTION TO EMPLOY AND APPLICATIONS TO PAY STEVE BENNYHOFF 2) REQUIRING MR. BENNYHOFF TO DISGORGE FEES PAID TO HIM DURING THE CHAPTER 11 PHASE OF THIS CASE; AND 3) PROVIDING FOR THE CONTINUANCE OF THE § 1102(a)(1) UNSECURED CREDITOR'S COMMITTEE, and authorize John White, Esq. to file it in their name. The purpose of this authorization is to attempt to ensure that the Motion is not denied for lack of standing on the part of the Committee.

Specialty Equipment Services, LLC                Active Asset Management, LLC


by /s/Neil H. Brandon                            by /s/Neil H. Brandon
  Neil Brandon, President                          Neil Brandon, President



   /s/ Lyle Kibbe
  Lyle Kibbe, an individual

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April, 2010, I caused to be served a true and correct copy of the OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER 1) RECONSIDERING ORDERS APPROVING CHAPTER 7 TRUSTEE'S MOTION TO EMPLOY AND APPLICATIONS TO PAY STEVE BENNYHOFF 2) REQUIRING MR. BENNYHOFF TO DISGORGE FEES PAID TO HIM DURING THE CHAPTER 11 PHASE OF THIS CASE; AND 3) PROVIDING FOR THE CONTINUANCE OF THE 1102(a)(1) UNSECURED CREDITORS' COMMITTEE as follows:

1.  __X__  a. ECF System:

BRUCE THOMAS BEESLEY on behalf of Creditor MB FINANCIAL BANK, N.A.
bbeesley@lrlaw.com, rmaples@lrlaw.com;jmoulian@lrlaw.com;mburns@lrlaw.com

JANET L. CHUBB on behalf of Creditor TOWN OF MINDEN
tbw@jonesvargas.com

KURT C. FAUX on behalf of Interested Party WESTERN INSURANCE COMPANY
matienza@fauxlaw.com,
kmckercher@fauxlaw.com,nochoa@fauxlaw.com,jmyers@fauxlaw.com

MARJORIE A. GUYMON on behalf of Creditor Premium Financing Specialists, Inc.
bankruptcy@goldguylaw.com, selenav@goldguylaw.com;ldeeter@goldguylaw.com

STEPHEN R HARRIS on behalf of Creditor DONALD L. CAVALLO, WASHOE COUNTY PUBLIC ADMINISTRATOR, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRANDON BRICK BRASHER, DECEASED
noticesbh&p@renolaw.biz

JEFFREY L HARTMAN on behalf of Debtor WES CONSTRUCTION COMPANY, INC.
notices@bankruptcyreno.com, dlg@bankruptcyreno.com

CHRISTOPHER D JAIME on behalf of Special Counsel Maupin, Cox & LeGoy
cjaime@waltherkey.com, kbernhardt@mclrenolaw.com

TIMOTHY A LUKAS on behalf of Creditor ROY WALKER
ecflukast@hollandhart.com

LAURY MILES MACAULEY on behalf of Creditor MB FINANCIAL BANK, N.A.
lmacauley@lrlaw.com, rmaples@lrlaw.com

JOHN F MURTHA on behalf of Creditor FORD MOTOR CREDIT COMPANY
jmurtha@woodburnandwedge.com

MARK S. SERTIC on behalf of Creditor GRANITE CONSTRUCTION CO
msertic@serticlaw.com

ALAN R SMITH on behalf of Debtor HEAVY EQUIPMENT SERVICES, LLC
mail@asmithlaw.com, turk@asmithlaw.com;marsh@asmithlaw.com

KEITH J TIERNEY
Keith_Tierney@7trustee.net, nv30@ecfcbis.com

CARYN S. TIJSSELING on behalf of Creditor MB FINANCIAL BANK, N.A.
ctijsseling@lrlaw.com, kschaaf@lrlaw.com

JOHN WHITE on behalf of Cred. Comm. Chair UNSECURED CREDITORS COMMITTEE
bankruptcy@whitelawchartered.com,
john@whitelawchartered.com;jen@whitelawchartered.com

RICHARD D WILLIAMSON on behalf of Interested Party CHICKEN HAWK TRANSPORT
rich@nvlawyers.com, eileen@nvlawyers.com

    _X_ b. by United States mail, postage fully prepaid, to the interested parties at the addresses listed as follows:

Steve Bennyhoff
2835 Santa Ana Dr.
Reno, NV 89502

Nicholas Strozza, Assistant US Trustee
US Bankruptcy Court
300 Booth Street, Second Floor
Reno, NV 89509

US Bankruptcy Court
Attn: Judge Zive's Chambers

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

300 Booth Street
Reno, NV 89509

MAUPIN, COX & LEGOY
4785 Caughlin Pkwy
Reno, NV 89520

I declare under penalty of perjury that the foregoing is true and correct.

DATED: April 23, 2010.

_____
Declarant, Jennifer Starley

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228