```
BRUCE T. BEESLEY, NV BAR #1164
LAURY M. MACAULEY, NV BAR #11413
LEWIS AND ROCA LLP
50 West Liberty Street, Ste. 410
Reno, Nevada 89501
Telephone: (775) 823-2900
Facsimile:  (775) 823-2929
bbeesley@lrlaw.com;
lmacauley@lrlaw.com

Attorneys for Secured Creditor
MB Financial Bank
```

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In Re: | Chapter 7 |
|---|---|
| WES CONSTRUCTION COMPANY, INC., a Nevada corporation, | CASE NO. BK-N-09-52177-GWZ<br>BK-N-09-52178-GWZ<br>BK-N-09-52181-GWZ |
| HEAVY EQUIPMENT SERVICES, LLC<br>A Nevada limited liability company, | Jointly administered under 09-52177 |
| TRUCKING SERVICES, LLC,<br>A Nevada limited liability company, | **OBJECTION OF MB FINANCIAL BANK, N.A. TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER…PROVIDING FOR THE CONTINUANCE OF §1102(a)(1) UNSECURED CREDITORS' COMMITTEE** |
| Debtor.  / | Hearing Date:  June 21, 2010<br>Hearing Time:  2:00 p.m. |

MB FINANCIAL BANK ("MB Financial"), by and through their counsel of record, Lewis and Roca LLP, hereby files this Objection to Official Committee Of Unsecured Creditors' Motion for Order…Providing for the Continuance of the §1102(a)(1) Unsecured Creditors' Committee ("Motion"), and respectfully states as follows:

# I.

## STATEMENT OF FACTS

On July 6, 2009 ("Petition Date"), WES Construction Company, Inc. and related entities, Heavy Equipment Services, and Trucking Services, LLC (collectively "Debtors") concurrently filed petitions under Chapter 11 of the United States Code, and the Court ordered that the cases be being jointly administered.

Objecting Party, MB Financial, is the major secured and unsecured creditor of the Debtors' estates, currently owed approximately $7,609,142.76. Its claim is secured by substantially all of the Debtors' assets and is largely unsecured, although the amount of the unsecured portion has yet to be determined.

After the filing of the Debtors' Chapter 11 petition, the Debtor and MB Financial became embroiled in litigation over the Debtors' use of MB Financial's cash collateral. During these disputes, on or about July 27, 2009, the Debtors initiated an adversary proceeding against MB Financial, seeking the avoidance of preferential transfers and the equitable subordination of MB Financial's claim against the estate. Based on this complaint, the Debtors filed an objection to the claim of MB Financial on the grounds that Bankruptcy Code Section 502(d) allegedly barred the claim. This argument was rejected by the Court after hearing on August 17, 2009.

On or about August 18, 2009, the Office of the United States Trustee appointed the Official Creditors' Committee ("Chapter 11 Committee") and, thereafter, the Court approved the retention of White Law Chartered as its counsel.

On December 8, 2009, the Court converted the Debtors' case to one under Chapter 7 of the United States Code, and Keith J. Tierney was appointed, and remains, the Chapter 7 Trustee ("Trustee").

On or about February 4, 2010, the Trustee conducted and concluded a 341 Meeting of the Chapter 7 debtors. Numerous creditors appeared at the Meeting, and no committee was elected.

Now, White Law Chartered, counsel for the Chapter 11 Committee, filed the instant Motion, requesting, among other things, the "continuance" of the Chapter 11 Committee *nunc pro tunc* to the date of the conversion of the case.

MB Financial objects to the Motion on the grounds that the Chapter 11 Committee lacks any standing to bring the Motion in this Chapter 7 case and, in any event, that there is no legal basis for the "continuance" of the Chapter 11 Committee herein and/or for the compensation of its counsel by the Chapter 7 estate.

## II.

## **OBJECTION**

### A.   **The Chapter 11 Committee has No Standing to Bring the Instant Motion.**

First, there is no question that the Chapter 11 Committee was dissolved on December 8, 2009, upon conversion of the Debtors' case to Chapter 7. *See*, In re Great Northern Paper, Inc., 299 B.R. 1, 5 (D. Maine 2003); In re Parks Jaggers Aerospace Company, 129 B.R. 265, 267 (M.D. Fla. 1991). Therefore, the Chapter 11 Committee, as it was constituted in the Chapter 11 case, no longer has any standing to appear and to argue in this Chapter 7 case.

Bankruptcy Code Section 705 provides the lone basis for the existence of a creditors' committee in a Chapter 7 case. Pursuant to its provisions, a committee of at least three members can be "elected" at the 341 meeting of creditors. 11 U.S.C. §705(a). A committee elected under Section 705 can make recommendations to the trustee and/or can submit questions affecting the administration of the estate to the Court or to the United States Trustee, but it acts chiefly in a consulting and advisory capacity to the trustee. 6 *Collier on Bankruptcy* ¶705.03[1] (Alan N.

Resnick & Henry J. Sommer eds., 15th ed. rev.). The Bankruptcy Code provides no other basis for the "continuance" of a Chapter 11 Committee so as to import standing.

Here, there was no creditors committee elected at the Debtors' 341 meeting in the Chapter 7 case. Thus, no committee exists with standing to submit the instant Motion. Nevertheless, the Chapter 11 Committee argues that the Court's equitable powers under Bankruptcy Code Section 105 justify the "continuation" of the Committee, citing In re Lyons Transportation Lines, Inc., 162 B.R. 460 (Bkrtcy.W.D.Pa. 1994) and In re SPM Manufacturing Corporation, 984 F.2d 1305 (1st Cir. 1993). Not only are these cases disparate from the weight of authority on this issue, but they are entirely inapposite to the situation herein presented.

In both *Lyons* and *SPM*, the courts were faced with a very specific need for the continuation of a Chapter 11 committee which led them to employ the extraordinary remedy of Bankruptcy Code Section 105. In *Lyons*, the Court determined that the "considerable expertise" of committee members in the trucking industry justified its retention in order to assist the trustee in bringing claims. Lyons, *supra*, at 461. Similarly, in *SPM*, the Court allowed the existence of a committee in the Chapter 7 case in order to allow the performance of an agreement entered into by and between the committee and a secured creditor during the course of the Chapter 11 case. SPM, *supra*. Thus, in both isolated cases, the courts created an exception to the established precedent that barred the continuation of Chapter 11 committees due to the unique circumstances at hand.

Here, the Chapter 11 Committee has presented no evidence in the Motion to justify the extraordinary remedy of its "continuation." And, the mere existence of an equitable subordination claim does not provide any such justification. The Chapter 7 Trustee has standing to bring that claim on behalf of the estate and has not asked for, nor requires, assistance from the Chapter 11 Committee.

**B.      White Law Chartered Cannot Be Compensated By the Chapter 7 Estate For its Work on Behalf of the Chapter 11 Committee.**

Even if this Court determines that the Chapter 11 Committee should continue in the Chapter 7 case, White Law Chartered may not receive compensation from the estate for acting as its counsel. It is settled law in the Ninth Circuit that the Bankruptcy Code does not allow compensation for a creditors' committee counsel by a Chapter 7 estate. In re Dominelli, 788 F.2d 584, 586 (9th Cir. 1986).

### III.

### CONCLUSION

For all the foregoing reasons, MB Financial respectfully requests that the Court deny the Motion insofar as it seeks the "continuance" of the Chapter 11 Committee in the Chapter 7 case.

DATED: June 7, 2010

> LEWIS AND ROCA LLP
>
> By   /s/ Laury M. Macauley
>       BRUCE T. BEESLEY, ESQ., #1164
>       LAURY M. MACAULEY, ESQ., #11413
>       Attorneys for MB Financial Bank, N.A.

# CERTIFICATE OF SERVICE

1. On the 7th day of June, 2010, I served the following document(s):

**OBJECTION OF MB FINANCIAL BANK, N.A. TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER…PROVIDING FOR THE CONTINUANCE OF §1102(a)(1) UNSECURED CREDITORS' COMMITTEE**

2. I served the above-named document(s) by the following means to the persons as listed below:

(Check all that apply)

   **X**    **a.**    **ECF System**

BRUCE THOMAS BEESLEY on behalf of Creditor MB FINANCIAL BANK, N.A.
bbeesley@lrlaw.com, rmaples@lrlaw.com;jmoulian@lrlaw.com;mburns@lrlaw.com

JANET L. CHUBB on behalf of Creditor TOWN OF MINDEN
tbw@jonesvargas.com

KURT C. FAUX on behalf of Interested Party WESTERN INSURANCE COMPANY
matienza@fauxlaw.com, kmckercher@fauxlaw.com,nochoa@fauxlaw.com,jmyers@fauxlaw.com

MARJORIE A. GUYMON on behalf of Creditor Premium Financing Specialists, Inc.
bankruptcy@goldguylaw.com, selenav@goldguylaw.com;ldeeter@goldguylaw.com

STEPHEN R HARRIS on behalf of Creditor DONALD L. CAVALLO, WASHOE COUNTY PUBLIC ADMINISTRATOR, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRANDON BRICK BRASHER, DECEASED
noticesbh&p@renolaw.biz

JEFFREY L HARTMAN on behalf of Debtor WES CONSTRUCTION COMPANY, INC.
notices@bankruptcyreno.com, dlg@bankruptcyreno.com

CHRISTOPHER D JAIME on behalf of Special Counsel Maupin, Cox & LeGoy
cjaime@waltherkey.com, kbernhardt@mclrenolaw.com

TIMOTHY A LUKAS on behalf of Creditor PN II, INC. dba PULTE HOMES
ecflukast@hollandhart.com

LAURY MILES MACAULEY on behalf of Creditor MB FINANCIAL BANK, N.A.
lmacauley@lrlaw.com, rmaples@lrlaw.com

JOHN F MURTHA on behalf of Creditor FORD MOTOR CREDIT COMPANY
jmurtha@woodburnandwedge.com

MARK S. SERTIC on behalf of Creditor GRANITE CONSTRUCTION CO

msertic@serticlaw.com

ALAN R SMITH on behalf of Debtor HEAVY EQUIPMENT SERVICES, LLC
mail@asmithlaw.com, turk@asmithlaw.com;marsh@asmithlaw.com

KEITH J TIERNEY
Keith_Tierney@7trustee.net, nv30@ecfcbis.com

CARYN S. TIJSSELING on behalf of Creditor MB FINANCIAL BANK, N.A.
ctijsseling@lrlaw.com, kschaaf@lrlaw.com

JOHN WHITE on behalf of Cred. Comm. Chair UNSECURED CREDITORS COMMITTEE
bankruptcy@whitelawchartered.com, john@whitelawchartered.com;jen@whitelawchartered.com

RICHARD D WILLIAMSON on behalf of Interested Party CHICKEN HAWK TRANSPORT
rich@nvlawyers.com, eileen@nvlawyers.com

    **b.**    **United States mail, postage fully prepaid**

    **c.**    **Personal Service**

I personally delivered the document(s) to the person(s) at these address(es):

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place with someone of suitable age and discretion residing there.

    **d.**    **By direct email (as opposed to through the ECF System)**

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    **e.**    **By Fax transmission**

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of fax transmission is attached.

   **f.**  **By Messenger**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 7th day of June, 2010.

            By:/s/   Roxanne H. Maples