John White, Esq., Bar #1741  
White Law Chartered  
335 West First St.  
Reno, NV 89503  
775-322-8000  
FAX: 775-322-1228  
john@whitelawchartered.com  
Attorney for the Official Committee of Unsecured Creditors

E-filed: June 15, 2010

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF NEVADA

In Re:  
WES CONSTRUCTION COMPANY,  
a Nevada corporation,  
HEAVY EQUIPMENT SERVICES, LLC,  
A Nevada limited liability company,  
TRUCKING SERVICES, LLC,  
A Nevada limited liability company.  
Debtors-in-Possession

Case No. BK-N 09-52177-GWZ  
Case No. BK-N 09-52178-GWZ  
Case No. BK-N 09-52181-GWZ  
[Jointly Administered under Case No. BK-N 09-52177-GWZ]

Chapter 7

DECLARATION OF NEIL BRANDON IN SUPPORT OF CONSOLIDATED REPLY TO TRUSTEES' AND MB FINANCIAL'S RESPONSE TO MOTION FOR ORDER 1) RECONSIDERING ORDERS APPROVING CHAPTER 7 TRUSTEE'S MOTION TO EMPLOY AND APPLICATIONS TO PAY STEVE BENNYHOFF 2) REQUIRING MR. BENNYHOFF TO DISGORGE FEES PAID TO HIM DURING THE CHAPTER 11 PHASE OF THIS CASE; AND 3) PROVIDING FOR THE CONTINUANCE OF THE § 1102(a)(1) UNSECURED CREDITOR'S COMMITTEE.

Hearing Date: June 21, 2010  
Hearing Time: 2 p.m.

I, NEIL BRANDON, declare as follows, under pain and penalty of perjury.

1. I am Chairman of the Official Committee of Unsecured Creditors ("Committee"), appointed pursuant to 11 USC Sec. 1102, and managing member of Specialty

WHITE LAW CHARTERED LAWYERS  
20TH CENTURY BLDG.  
335 W. FIRST STREET  
RENO, NV 89503  

T (775) 322-8000  
F (775) 322-1228

1

Equipment Services, LLC, and Active Assets Management LLC, unsecured creditors in this Case.

2. That throughout this Case I have been concerned about the manner in which the Debtor was managed during the run up to its June, 2009 voluntary Chapter 11 Petition, it appearing to me that there may have been misconduct by Debtor's officers and agents before and after the voluntary Petition was filed.

3. That attached hereto as Exhibit 1 is a true and correct copy of a letter the Committee sent to the Trustee in this Case on March 19, 2010, formally expressing many of these concerns.

4. That the Trustee has not responded to the merits of that letter.

5. That the email attached hereto as Exhibit 2 is the Trustee's only response to the Committee's March 19, 2010 letter, indicating, among other things, that he was planning to discuss it with the US Trustee.

6. That I understand that the Trustee discussed a letter with Mr. Bennyhoff at about that same time.

7. That Declarant believes that the Trustee, Keith Tierney, is not looking into the merits of the Committee's March 19 letter, and further believes that the Trustee has probably shared the contents of that letter, through Mr. Bennyhoff, with CFO Group (Dan Allen), Michael Brandt and Mark Smith, all persons who may stand to lose if the Trustee should vigorously pursue the suggestions contained in the Committee's letter.

8. That not only have Michael Brandt and Mr. Bennyhoff worked together in the past, mentioned in Mr. Bennyhoff's Declaration, they, along with Dan Allen and Mark Smith are apparently friends, perhaps very close friends, something not mentioned in Mr. Bennyhoff's Declaration. Attached hereto as Exhibit 3 is a true and correct copy of page 1 of an internet blog, dated May 4, 2009, which shows that Dan Allen, Steve Bennyhoff, Mark Smith and Michael Brandt are all members of an apparently rather exclusive club called the "Bulls," in fact that all four of them are "full sack (bulging) Bulls".

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

2

9. Needless to say, the Committee does not have confidence that the Chapter 7 trustee is receiving independent input from Mr. Bennyhoff. As he is friends with Dan Allen, Michael Brandt and Mark Smith, it is unlikely that he could objectively undertake the investigations suggested in the Committee's said March 19, 2010 letter to the Trustee. Moreover, it is likely that Mr. Bennyhoff would encourage the Trustee not to investigate his friends.

10. Declarant believes that the Debtor in both the Chapter 11 and Chapter 7 phases of this Case has been using Mr. Bennyhoff as a professional, to wit:

    a. The Trustee's original application to hire Mr. Bennyhoff stated that Mr. Bennyhoff was a CPA;

    b. Though so far as known, Mr. Bennyhoff has never held himself out in this case to be a CPA, the Trustee has referred to him as a CPA in the all the interim payment applications submitted to this Court;

    c. That the activities described in Mr. Bennyhoff's invoices, attached hereto as Exhibit 4, appear to include the activities of an accountant.

11. Committee and the unsecured creditors in this case are entitled to a 2014 Declaration from Mr. Bennyhoff, wherein he sets forth his connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants.

Respectfully submitted this 15th day of June, 2010.

*/s/ Neil A Brandon*
Neil Brandon

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

## INDEX OF EXHIBITS

Exhibit 1    3/19/10 Committee Letter to Trustee

Exhibit 2    Trustee's response to Committee Letter

Exhibit 3    "Bulls" internet blog, page 1

Exhibit 4    Bennyhoff invoices