BRUCE T. BEESLEY, NV BAR #1164
LAURY M. MACAULEY, NV BAR #11413
LEWIS AND ROCA LLP
50 West Liberty Street, Ste. 410
Reno, Nevada 89501
Telephone: (775) 823-2900
Facsimile:  (775) 823-2929
bbeesley@lrlaw.com;
lmacauley@lrlaw.com

Attorneys for Secured Creditor
MB Financial Bank

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Chapter 7 |
| WES CONSTRUCTION COMPANY, INC., a Nevada corporation, | CASE NO. BK-N-09-52177-GWZ<br>BK-N-09-52178-GWZ<br>BK-N-09-52181-GWZ |
| HEAVY EQUIPMENT SERVICES, LLC<br>A Nevada limited liability company, | Jointly administered under 09-52177 |
| TRUCKING SERVICES, LLC,<br>A Nevada limited liability company,<br>Debtor.<br>_____/ | **OPPOSITION OF MB FINANCIAL TO UNSECURED CREDITOR COMMITTEE'S *EX PARTE* REQUEST TO FILE LATE CONSOLIDATED REPLY AND MOTION TO STRIKE COMMITTEE'S REPLY BRIEF**<br><br>Hearing Date:  June 21, 2010<br>Hearing Time:  2:00 p.m. |

MB FINANCIAL BANK ("MB Financial"), by and through its counsel of record, Lewis and Roca LLP, hereby files this Opposition of MB Financial to the Unsecured Creditor Committee's *ex parte* Request to File Late Consolidated Reply and Motion to Strike Committee's Reply Brief ("Request"), and respectfully states as follows:

# I.

# STATEMENT OF FACTS

On April 23, 2010, White Law Chartered, as counsel for the Chapter 11 Committee of Unsecured Creditors ("Committee"), filed an Official Committee of Unsecured Creditors' Motion for Order 1) Reconsidering Orders Approving Chapter 7 Trustee's Ex Parte Applications to Employ and To Pay Steve Bennyhoff 2) Requiring Mr. Bennyhoff to Disgorge Fees Paid to Him During the Chapter 11 Phase of this Case; and 3) Providing For the Continuance of the §1102(a)(1) Unsecured Creditors' Committee ("Motion") [Dkt 310]. In the Motion, the Committee requested, among other things, the "continuance" of the Chapter 11 Committee *nunc pro tunc* to the date of the conversion of the case.

On June 7, 2010, MB Financial filed an Objection to Official Committee Of Unsecured Creditors' Motion for Order…Providing for the Continuance of the §1102(a)(1) Unsecured Creditors' Committee [Dkt 334]. Therein, MB Financial objected to the Motion on the grounds that the Committee lacked standing to bring the Motion and that there was no justification for the "continuance" of the Committee.

On June 15, 2010, the Committee filed an *ex parte* Request to File Late Consolidated Reply to Trustees' and MB Financial's Response to Motion for Order 1) Reconsidering Orders Approving Chapter 7 Trustee's Ex Parte Applications to Employ and To Pay Steve Bennyhoff 2) Requiring Mr. Bennyhoff to Disgorge Fees Paid to Him During the Chapter 11 Phase of this Case; and 3) Providing For the Continuance of the §1102(a)(1) Unsecured Creditors' Committee ("Request") [Dkt 342]. In the Request, the Committee requests permission to file its reply brief one day late.

In addition to the Request, the Committee also filed its proposed Consolidated Reply [Dkt 340] and a Declaration of Neil Brandon ("Brandon Declaration") [Dkt 341] in support of the Consolidated Reply.

Attached to the Brandon Declaration as Exhibit "1" is a letter from Mr. White, the Committee's counsel, to the Chapter 7 Trustee, dated March 19, 2010 ("White Letter"), outlining many unsupported allegations against numerous third parties that the Committee feels the Trustee should sue on behalf of the estate.

Also attached to the Brandon Declaration as Exhibit "3" is a purported printout of a webpage regarding a private "Bulls Only Weekend" which appears to list as its participants certain former insiders of the Debtor and Mr. Bennyhoff and which contains references to male and female genitalia ("Webpage Material").

MB Financial now opposes the Request of the Committee to file its late filed reply brief and/or moves to strike the proposed Consolidated Reply and the Brandon Declaration, on the grounds that: 1) the pleadings contain new allegations in reply pleadings to which MB Financial has not been given an opportunity to rebut and/or are otherwise inadmissible; and 2) that the Brandon Declaration in its unredacted form contains offensive and highly prejudicial material that should be stricken.

## II.

## ARGUMENT

A. **The Consolidated Reply and the Brandon Declaration Contain New Evidence and Arguments.**

The Committee's Request to file the late Consolidated Reply and the Brandon Declaration should be denied and/or these pleadings should be stricken, because they are based on new evidence and arguments that are otherwise inadmissible.

The Brandon Declaration contains evidence, including the White Letter and the Webpage Material, which has not heretofore been presented to this Court until its inclusion in the Committee's Consolidated Reply.

New issues and/or evidence should not been considered by a court when presented for the first time in a reply brief, whether in motion or appellate practice. *See*, *e.g.*, Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 843, n.6 (9th Cir. 2004); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996). Where an argument and facts are submitted for the first time in a reply brief, an appropriate remedy is for the Court to decline to consider the matters. Lentini, *supra*.

The White Letter contains a twelve-page recitation of every imaginable claim that the Committee feels should be brought by the Trustee against third parties. This recitation includes numerous unsubstantiated and false allegations to which MB Financial has never had an opportunity to respond and which, in any event, are entirely irrelevant to this Motion.

Further, the White Letter, signed by John White, is attached to the Brandon Declaration and, as such, is inadmissible hearsay. Fed. R. Evid. 801. While the Committee may assert that the White Letter is being introduced only to show the communication of their litigation laundry list to the Trustee, the content of the Brandon Declaration belies that assertion. Mr. Brandon declares therein that he has been "concerned about the manner in which the Debtor was managed" leading up to its Chapter 11 filing and states that the White Letter is formally expressing those concerns. (Brandon Declaration, ¶2-3.) Then, Mr. Brandon contends that the Trustee is not properly "looking into" those concerns.

Thus, there is no question that the White Letter is being introduced for the purported truth of the matters asserted by the Committee therein and that, based on these "truths," the

Committee argues that the Trustee should be taking action. It is this alleged inaction that the Committee contends justifies the Committee's requested relief in its Motion that a different accountant needs to be employed and/or that the Committee needs to be reconstituted. Certainly, if the allegations contained in the White Letter are not being offered by the Committee as true, there would be no reason for the Trustee to have taken any action at all, as the Committee argues he should have done—a letter full of false claims would require nothing to be done by the Trustee.

Clearly, the White Letter constitutes arguments by the Committee's counsel as to the panoply of alleged claims that he feels should be brought against numerous third parties by the Trustee. However, an attorney's arguments are not evidence. In re Hurley, 258 B.R. 15, 23 (Bkrtcy.D.Montana 2001)(*citing* United States v. Velarde-Gomez, 224 F.3d 1062, 1073 (9th Cir. 2000).)

Moreover, to the extent that the White Letter makes factual allegations against MB Financial and/or many others, there has been no foundation submitted as to those alleged facts and neither Mr. White, as the author of the White Letter, nor Mr. Brandon, as the declarant, have presented any evidence to demonstrate that they have the requisite personal knowledge of these allegations. Without personal knowledge, this evidence is inadmissible. Fed. R. Evid. 602. Moreover, even if foundation for the allegations asserted by Mr. White was introduced, Mr. White cannot act as counsel for the Committee *and* as a witness in this case. *See*, Nev. R. Prof. Conduct 3.7.

Therefore, since the Consolidated Reply and the Brandon Declaration contain arguments and allegations that have been submitted for the first time in reply and are otherwise

inadmissible, MB Financial respectfully requests that the Court deny the Committee's Request to allow their late filing and/or to strike the pleadings.

B. **The Webpage Material in Its Unredacted Form is Highly Prejudicial and Should Be Excluded.**

The Committee further submits the Webpage Material attached to the Brandon Declaration regarding Mr. Bennyhoff's alleged participation in a "Bulls" private men's club. The Webpage Material is assumedly being submitted to prove that Mr. Bennyhoff is associated in his private activities with Mr. Brandt and/or Mr. Smith (former insiders of the Debtors) whose names appear thereon. However, in its unredacted form as submitted to this Court, it contains unseemly references to male and female genitalia which can only be viewed as having been filed by the Committee in order to create prejudice against the character of Mr. Bennyhoff (and/or Mr. Brandt and Mr. Smith) and does nothing to advance the determination of the Motion.

Moreover, the Webpage Material is not probative of any relevant matter pertaining to the Motion, since it does not provide any evidence as to Mr. Bennyhoff's "disinterestedness" regarding the Chapter 7 estate. To the extent that this Court views the Webpage Material as probative of anything, it should be excluded because any such probative value is outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

Further, the Federal Rules of Bankruptcy Procedure provide for the striking by the Court of any "impertinent" or "scandalous" matter in a pleading. *See*, Fed. R. Bankr. Proc. 7012(b) (incorporating Federal Rule of Civil Procedure 12(f) to adversary proceedings). The Webpage Material is unquestionably impertinent, if not also scandalous.

///

///

## III.

## **CONCLUSION**

For all the foregoing reasons, MB Financial respectfully requests that the Court deny the Committee's Request to file the late Consolidated Reply and Brandon Declaration and/or to strike these pleadings for the reasons set forth above.

DATED: June 17, 2010

                    LEWIS AND ROCA LLP

                    By    /s/ Bruce T. Beesley
                        BRUCE T. BEESLEY, ESQ., #1164
                        LAURY M. MACAULEY, ESQ., #11413
                        Attorneys for MB Financial Bank, N.A.

**CERTIFICATE OF SERVICE**

1. On the 17th day of June, 2010, I served the following document(s):

**OPPOSITION OF MB FINANCIAL TO UNSECURED CREDITOR COMMITTEE'S *EX PARTE* REQUEST TO FILE LATE CONSOLIDATED REPLY AND MOTION TO STRIKE COMMITTEE'S REPLY BRIEF**

2. I served the above-named document(s) by the following means to the persons as listed below:

(Check all that apply)

   **X**   **a.**   **ECF System**

BRUCE THOMAS BEESLEY on behalf of Creditor MB FINANCIAL BANK, N.A.
bbeesley@lrlaw.com, rmaples@lrlaw.com;jmoulian@lrlaw.com;mburns@lrlaw.com

JANET L. CHUBB on behalf of Creditor TOWN OF MINDEN
tbw@jonesvargas.com

KURT C. FAUX on behalf of Interested Party WESTERN INSURANCE COMPANY
matienza@fauxlaw.com, kmckercher@fauxlaw.com,nochoa@fauxlaw.com,jmyers@fauxlaw.com

MARJORIE A. GUYMON on behalf of Creditor Premium Financing Specialists, Inc.
bankruptcy@goldguylaw.com, selenav@goldguylaw.com;ldeeter@goldguylaw.com

STEPHEN R HARRIS on behalf of Creditor DONALD L. CAVALLO, WASHOE COUNTY PUBLIC ADMINISTRATOR, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRANDON BRICK BRASHER, DECEASED
noticesbh&p@renolaw.biz

JEFFREY L HARTMAN on behalf of Debtor WES CONSTRUCTION COMPANY, INC.
notices@bankruptcyreno.com, dlg@bankruptcyreno.com

CHRISTOPHER D JAIME on behalf of Special Counsel Maupin, Cox & LeGoy
cjaime@waltherkey.com, kbernhardt@mclrenolaw.com

TIMOTHY A LUKAS on behalf of Creditor PN II, INC. dba PULTE HOMES
ecflukast@hollandhart.com

LAURY MILES MACAULEY on behalf of Creditor MB FINANCIAL BANK, N.A.
lmacauley@lrlaw.com, rmaples@lrlaw.com

JOHN F MURTHA on behalf of Creditor FORD MOTOR CREDIT COMPANY
jmurtha@woodburnandwedge.com

MARK S. SERTIC on behalf of Creditor GRANITE CONSTRUCTION CO
msertic@serticlaw.com

ALAN R SMITH on behalf of Debtor HEAVY EQUIPMENT SERVICES, LLC
mail@asmithlaw.com, turk@asmithlaw.com;marsh@asmithlaw.com

KEITH J TIERNEY
Keith_Tierney@7trustee.net, nv30@ecfcbis.com

CARYN S. TIJSSELING on behalf of Creditor MB FINANCIAL BANK, N.A.
ctijsseling@lrlaw.com, kschaaf@lrlaw.com

JOHN WHITE on behalf of Cred. Comm. Chair UNSECURED CREDITORS COMMITTEE
bankruptcy@whitelawchartered.com, john@whitelawchartered.com;jen@whitelawchartered.com

RICHARD D WILLIAMSON on behalf of Interested Party CHICKEN HAWK TRANSPORT
rich@nvlawyers.com, eileen@nvlawyers.com

  **b.**  **United States mail, postage fully prepaid**

  **c.**  **Personal Service**

I personally delivered the document(s) to the person(s) at these address(es):

☐  For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐  For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place with someone of suitable age and discretion residing there.

  **d.**  **By direct email (as opposed to through the ECF System)**

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

  **e.**  **By Fax transmission**

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of fax transmission is attached.

      **f.**      **By Messenger**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 17th day of June, 2010.

                                            By:/s/        Roxanne H. Maples

Lewis and Roca LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501

120989.1