John White, Esq., Bar #1741  E-filed: July 19, 2010
White Law Chartered
335 West First St.
Reno, NV 89503
775-322-8000
FAX: 775-322-1228
john@whitelawchartered.com
Attorney for unsecured creditors Specialty Equipment
Services, LLC, and Active Assets Management LLC.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br>WES CONSTRUCTION COMPANY,<br>a Nevada corporation,<br>HEAVY EQUIPMENT SERVICES, LLC,<br>A Nevada limited liability company,<br>TRUCKING SERVICES, LLC,<br>A Nevada limited liability company.<br><br>                    Debtors<br><br>_____/ | Case No. BK-N 09-52177-GWZ<br>Case No. BK-N 09-52178-GWZ<br>Case No. BK-N 09-52181-GWZ<br>[Jointly Administered under Case<br>No. BK-N 09-52177-GWZ]<br><br>Chapter 7<br><br>PLEADING IN RESPONSE TO STEVE<br>BENNYHOFF'S STATEMENT<br>REGARDING HIS<br>DISINTERESTEDNESS IN SUPPORT OF<br>HIS APPLICATION FOR<br>EMPLOYMENT BY THE TRUSTEE<br><br>Hearing Date: Pending<br>Hearing Time: |

Comes now unsecured creditors Specialty Equipment Services, LLC, and Active Assets Management LLC who respond to Steve Bennyhoff's June 25, 2010 Declaration Pursuant to Rule 2014 ("Declaration") and assert that 1) the Declaration does not adequately disclose Mr. Bennyhoff's connections with the Debtor, and, in the alternative, 2) the Declaration shows that Mr. Bennyhoff is a creditor in this case and therefore not disinterested.

1. <u>The Declaration does not adequately disclose Mr. Bennyhoff's connections with the Debtor.</u>

Bank.R.Civ.P 2014 requires a professional to disclose ". . . to the best of the applicant's knowledge, all of the person's connections with the debtor, . . ."

At paragraph 14, the Declaration discloses that Mr. Bennyhoff began working for the Debtor on September 29, 2009. The Court is requested to take judicial notice of its records in this Case, which reveal that the Debtor filed a voluntary Chapter 11 petition on July 6, 2009 and that the Case was converted to Chapter 7 by Order entered December 8, 2009 (Docket 241), to wit that Mr. Bennyhoff was employed by the Debtor during the Chapter 11 phase of this Case. Yet, though the Declaration discloses that Mr. Bennyhoff is a CPA and that he worked for the Debtor prior to conversion, it does not disclose how much he was paid during the Chapter 11, whether that employment was as a professional, whether, if so, that employment was approved by this Court prior to payment or even whether any payments made to him during the Chapter 11 portion of this case were made on application to this Court.

  2. <u>Mr. Bennyhoff appears to be a creditor.</u>

The Court is also requested to judicially notice that there is no record of Mr. Bennyhoff having been approved as a professional in the Chapter 11 phase of this Case, nor are their on file any of his Chapter 11 invoices, nor is there any order approving payments to him during the Chapter 11.

  11 USC Sec. 348 provides, in pertinent part:

> (d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503 (b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

In *In re Park-Helena Corp.*, 63 F. 3d 877 (CA9, 1995), the Court quoted with approval from two bankruptcy court cases, as follows:

> In re EWC, 138 B.R. at 280-81 ("The duty of professionals is to disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and parties in interest.... They cannot pick and choose which connections are irrelevant or trivial.... No matter how old the connection, no matter how trivial it appears, the professional seeking employment must disclose it."); In re B.E.S. Concrete Prods., 93 B.R. at 236 ("Appearances count. Even conflicts more theoretical than real will be scrutinized.").

A creditor is simply one who holds a claim against the estate and 11 USC 101(5) defines a "claim" as

> (5) The term "claim" means—
>     (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

Until he has been properly paid in the Chapter 11 phase, Mr. Bennyhoff has a contingent claim against this Estate. This Court has inherent power to supervise the professionals who appear before it. *In re Kaiser Group Intern., Inc. 272 B.R. 846, 850 (Bankr.D.Del.2002).*

Unless Mr. Bennyhoff amends his Declaration to fully set forth his relationship with the Debtor, including fees he was paid by the Debtor, and the fact that those fees may be subject to disgorgement, it is respectfully submitted that the Declaration does not comply with Rule 2014.

The possibility of disgorgement is real. As set forth in the accompanying Declaration of John White, on July 15, 2010, he received from Jeff Hartman, Esq. the invoices that Mr. Bennyhoff presented for payment in the Chapter 11 phase of this case, which invoices are attached to the White Declaration. Those invoices show that Mr. Bennyhoff was paid some $20,000 for "Consulting" services in the Chapter 11 phase of this case. As a professional rendering consulting services to the Chapter 11 debtor, Mr. Bennyhoff's employment and those invoices should have been approved by this court. 11 USC Sec. 327(a). And, unless approved, are subject to disgorgement. *US Trustee v. Price Waterhouse,* 19 F. 3d 138 - CA 3, 1994).

In conclusion, the Declaration does not fully describe Mr. Bennyhoff's connections with the Debtor and is therefore inadequate.

Respectfully submitted this 19th day of July, 2010.

3

                           ___/s/ John White_
                           John White, Esq.