John White, Esq., Bar #1741  
White Law Chartered  
335 West First St.  
Reno, NV 89503  
775-322-8000  
FAX: 775-322-1228  
john@whitelawchartered.com  
Attorney for Specialty Equipment Services LLC,  
and Active Asset Management, LLC,

E-filed: July 26, 2010

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br>WES CONSTRUCTION COMPANY,<br>a Nevada corporation,<br>HEAVY EQUIPMENT SERVICES, LLC,<br>A Nevada limited liability company,<br>TRUCKING SERVICES, LLC,<br>A Nevada limited liability company.<br>Debtors-in-Possession<br><br>_____/ | Case No. BK-N 09-52177-GWZ<br>Case No. BK-N 09-52178-GWZ<br>Case No. BK-N 09-52181-GWZ<br>[Jointly Administered under Case No. BK-N 09-52177-GWZ]<br><br>Chapter 7<br><br>MOTION FOR ORDER RECONSIDERING THIS COURT'S JULY 9, 2010 "ORDER TO APPROVE SUPPLEMENTAL APPLICATION TO PAY MONTHLY AND TO PAY APRIL FEES AND COSTS"<br><br>Hearing Date:  September 15, 2010<br>Hearing Time:  2:00 PM<br>Est. Time: 5 minutes |

Specialty Equipment Services, LLC, and Active Asset Management, LLC, by counsel, hereby move (the "Motion") this Court for an order reconsidering and reversing its July 9, 2010 "Order to Approve Supplemental Application to Pay Monthy and to Pay April Fees and Costs" on the grounds that 1) the Supplemental Application did not comply with this Court's bench order, entered at the conclusion of the June 21, 2010 hearing, 2) Mr. Bennyhoff's professional fees are excessive, 3) the fee application includes fees for non-professional fees which should be paid for

1

by the Trustee and not the creditors of this estate, and 4) Mr. Bennyhoff is not disinterested (this issue is separately treated in Movants' Pleading in Response to Steve Bennyhoff's Statement Regarding his Disinterestedness in Support of His Application for Employment by the Trustee ("Responsive Pleading"), filed herein on July 19, 2010).

In support of this Motion, Movants rely on 11 U.S.C. §327, Fed.R.Bank.P. 2014, the below Points and Authorities, and the files and records in this Case.

## POINTS AND AUTHORITIES

### FACTS:

1. On June 21, 2010, this Court held a hearing on Movants' motion to reconsider earlier employment and fee orders regarding Steve Bennyhoff, purportedly also brought on behalf of the Official Committee of Unsecured Creditors.

2. That on July 16, 2010, this Court entered its "ORDER RE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER 1) RECONSIDERING ORDERS APPROVING CHAPTER 7 TRUSTEE'S EX PARTE APPLICATIONS TO EMPLOY AND TO PAY STEVE BENNYHOFF, ETC." ("July 16 Order").

3. That among other things, paragraph 4 of the July 16 Order gave the undersigned until July 19 to respond to the June 25, 2010 "Declaration of Steve Bennyhoff Pursuant to Rule 2014," being his verified statement regarding his disinterestedness in support of his application for employment by the Trustee ("Bennyhoff Declaration"), being docket 345.

4. That on July 19 Movants filed their Responsive Pleading (to the Bennyhoff Declaration), which has been set for hearing before this Court on September 15, 2010.

5. That paragraph 5 of the Court's July 16 order provides that "The Court expressly reserves the right to review all fees and costs incurred by Mr. Bennyhoff after April 23, 2010, the date of filing of the Committee motion."

WHITE LAW
CHARTERED
LAWYERS
0TH CENTURY BLDG.
:35 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

6. That on July 7, 2010, being a time after the court entered its June 21, 2010 bench order, but before July 16, 2010, when it was reduced to writing, the Trustee filed a "Supplemental Ex Parte Application to Pay Fees and Costs" in the total amount of $7,931.86 ("Supplemental Application"). The Supplemental Application included a request for payment for time spent by Mr. Bennyhoff from May 3, 2010 (Invoice 34) to June 18, 2010 (Invoice 40). Despite this court's ruling at the conclusion of the June 21, 2010 hearing, to the effect that Mr. Bennyhoff's post-April 23 fee apps would be scrutinized, the July 7, 2010 Supplemental Application provided "No hearing required."

7. On July 9, 2010, this Court entered its order entitled "Order to approve Supplemental Application to pay monthly and to pay April (sic) fees and costs," which July 9 order approved the $7,931.86 in fees and costs referenced in the Supplemental Application. The July 9 Order refers to and approves "<u>April</u> invoices 34, 35, 36, 37 38, 39 and 40 ... in the amount of $7,931.86." (Emphasis added)

8. That undersigned does not know whether the Court was misled by word "April" in the July 9 order, but surmises that it likely played a role in that the sense of this Court's June 21, 2010 bench ruling, later embodied in paragraph 5 of the written July 16 Order purportedly encapsulating the Court's June 21 bench ruling, was that post April 23rd Bennyhoff fee applications, or at least the next of them, would be noticed for hearing as provided by Fed.R.Bank.P. 2002(a)(6).

9. In any event, Movants make the following comments concerning the Bennyhoff invoices attached to the Supplemental Application which invoices cover the time period May 3, 2010 (Invoice 34) to June 18, 2010 (Invoice 40).

   a. That Mr. Bennyhoff's Invoice 37 and Invoice 40 contain calculation errors, as follows:

      1. Invoice 37 reports 3.5 hours on May 28, 2010 with no "Price Each" or extended "Amount" for that time. The calculated "Total Amount" of the invoice does not include the reported time.

3

  2. Invoice 40 reports 1.0 hour on June 18, 2010 with no "Price Each" or extended "Amount" for that time. The calculated "Total Amount" of the invoice does not include the reported time.

 b. That Bennyhoff invoices 34 through 40 include time for tasks that are not part of the "basic accounting services" described in the Bennyhoff Declaration. For example, on May 11 Mr. Bennyhoff invoices for his time to "Open up Post Office Box at Vassar St. Post Office; Go to Puliz Storage; Continue to box documents in preparation of office move" and June 1 Mr. Bennyhoff invoices the estate 6 hours to "Move boxes to Stor-All Self-Storage." Mr. Bennyhoff acknowledges that he is not performing professional services by using a $20 hourly rate for the manual labor associated with moving boxes.

 c. Mr. Bennyhoff's invoices 34 to 40 do not provide information needed to properly evaluate the benefit, if any, to the estate from the tasks performed. This lack of detail is consistent with Mr. Bennyhoff's invoices 13 to 33. During the hearing on June 21st the Court noted "I've looked at the invoices. The invoices, frankly, are not sufficient for payment if I were to pass on them for reasonableness. That's what I expect to see in a 2014. I want to know exactly what he did."

 d. That Mr. Bennyhoff increased his rate from $80 per hour to $100 per hour effective May 13, 2010, stating "Note: Change in hourly rate due to moving to home office to cover associated overhead costs" (Invoice No. 35). This 25% hourly rate increase accounted for an additional $1,240 in fees charged by Mr. Bennyhoff for the period from May 13, 2010 to June 18, 2010.

The invoice calculation errors, discrepancy between work performed and the Bennyhoff Declaration, lack of detail, inappropriate rate increases, and submission to the Court of a mis-named order approving "April" fees establish that the chapter 7 trustee is not performing an adequate review of the invoices being paid by this estate.

4

**ISSUES:**

1. Should this Court reconsider its order of July 9, 2010?
2. Was the July 9 Order granting the Supplemental Application improper as being entered without notice and opportunity to be heard?
3. Is the July 7 Supplemental Application a proper fee application?
   a. Does it comply with F.R.Bankr.P. 2016's requirement of a detailed statement?
   b. Does it properly include hours expended for non-professional work performed by Mr. Bennyhoff?
4. Is Mr. Bennyhoff disinterested? (Dealt with separately in Movants' "Responsive Pleading").

**ARGUMENT**

1. **Reconsideration**

A Motion for New Trial or to Amend a Judgment is governed by F.R.Bankr.P. 9023 and must be filed within 14 days. The 14th day from July 9 was July 23rd. Adding 3 days for mailing (F.R.Bankr.P. 9006(f)) renders this Motion timely if filed on or before July 26th.

2. **Notice**

The bench order issued at the conclusion of the June 21 hearing on the Bennyhoff Declaration expressly provides for review of Bennyhoff fee applications for time spent after April 23rd, which order was reduced to writing in this Court's order of July 16 (see paragraph 5).

F.R.Bankr.P. 2002 provides:

> (a) Twenty-one-day notices to parties in interest.
> Except as provided in subdivisions (h), (i), (l), (p), and (q) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of:
> ...
>
> (6) a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000;

5

The Supplemental Application cites to no authority which excuses compliance with F.R.Bankr.P. 2002 in this case.

### 3. Supplemental Application otherwise proper?

As stated above, (Facts, Paragraph 9) the Supplemental Application does not comply with F.R.Bankr.P. 2016 in that it contains errors, is incomplete, lacks sufficient detail, and includes an increase in Mr. Bennyhoff's hourly compensation which is not justified.

### 4. Supplemental Application improperly seeks to have Mr. Bennyhoff's non-professional work excluded from the cap on Trustee's fees (11 USC Sec. 326)

The Supplemental Application seeks more than $2,500.00 for work that is clearly not professsional work. Court approval for Bennyhoff's non-professional services is not only not necessary. It is counterproductive, as it implies that the creditors rather than the Trustee are responsible for those costs and fees. Rather, non-professional assistance to a Trustee is to be paid by the Trustee, presumably subject to the statutory cap of 11 USC Sec 326:

> Rule 2016. Compensation for Services Rendered and Reimbursement of Expenses
> (a) Application for compensation or reimbursement.
> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity. Unless the case is a chapter 9 municipality case, the applicant shall transmit to the United States trustee a copy of the application.

11 USC 330(a)(7) provides:

>(7) In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326.

It has been recently stated:

> Section 330(a)(7) was added to the Bankruptcy Code by the Bankruptcy Abuse and Consumer Protection Act (BAPCPA), which took effect on October 17, 2005, several days after this case was filed. The Act, by its terms, provides that it applies to cases filed after the effective date. Accordingly, the U.S. Trustee relies on prior case law such as In re Roderick Timer Co. v. Levy, 185 B.R. 601 (9th Cir. BAP 1995), which held that a trustee's reasonable compensation should be determined by multiplying the amount of time spent by the trustee by a reasonable hourly rate; thus, the limits set out in § 326 are a ceiling, and no more.
>
> The amendments to the Code dispense with that approach, by providing that the trustee's remuneration is a commission. A commission, in this context, is a remuneration for services or work done as or by an agent, in the form of a percentage on the amount involved in the transaction. Oxford English Dictionary. Section 326 establishes the maximum amount to be paid as a commission. Reading §§ 326 and 330 together, the statutory scheme provides that a trustee is presumed to be entitled to compensation in the amount specified in § 326. This commission is subject to reduction if the maximum amount is substantially disproportionate to the value of the trustee's services to the estate. In re McKinny, 383 B.R. 490 (Bankr. N.D. Ca. 2008).

*In Re Owens*, Bankruptcy Court, D. Oregon 2008. See also See *In re CODR*, Bankruptcy Court, D. Idaho 2008 (footnote 7).

In furtherance of the foregoing, Section 330(a)(3) was amended to exclude chapter 7 trustees from the professionals whose compensation is to be based, among other things, on the time spent in providing those services.

It seems, however, that the Courts will continue to view the "commission" in light of the time spent by the trustee and the results achieved. See *In re Ward*, 418 BR 667 - Dist. Court, WD Pennsylvania 2009. This is significant here as the the maximum "commission" set forth in section 326 is the presumptive standard and, under it, the trustee is responsible to pay for non-professional work he may need to have done by his employees. In short, there is the trustee compensation, a "commission" subject to the Sec. 326 cap, and other professional fees, including accountants, which are subject to traditional analysis. There is no in-between. If this be correct,

7

the trustee must pay from his "commission" the salary of any non-professional persons that he chooses to hire.

Respectfully submitted this 26th day of July, 2010.

John White, Esq.
Attorney for Unsecured Creditors
Specialty Equipment Services, LLC
and Active Asset Management, LLC

WHITE LAW CHARTERED
LAWYERS
OTH CENTURY BLDG.
35 W FIRST STREET
RENO, NV 89503

(775) 322-8000
(775) 322-1228

8

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July 2010, I served a true and correct copy of the attached Motion for Order Reconsidering This Court's July 9, 2010 "Order to Approve supplemental Application to Pay Monthly and To Pay April Fees and Costs, as follows:

    X a.  ECF System, on the 26th day of July, 2010:

| | |
|---|---|
| Bruce Thomas Beesley | bbeesley@lrlaw.com, rmaples@lrlaw.com |
| Janet L. Chubb | tbw@jonesvargas.com |
| Stephen R. Harris | noticesbh&p@renolaw.biz |
| Jeffery L. Hartman | notices@bankruptcyreno.com, dlg@bankruptcyreno.com |
| Christopher D. Jaime | cjaime@waltherkey.com, kbernhar@waltherkey.com |
| Timothy A. Lukas | ecflukast@hollandhart.com |
| Laury Miles Macauley | lmacauley@lrlaw.com, rmaples@lrlaw.com |
| Alan R. Smith | mail@asmithlaw.com, turk@asmithlaw.com, marsh@asmithlaw.com |
| U.S. Trustee - RN11 | USTPRegion17.RE.ECF@usdoj.gov |
| Caryn S. Tijsseling | ctjsseling@lrlaw.com, kschaaf@lrlaw.com |
| Richard D. Williamson | rich@nvlawyers.com, eileen@nvlawyers.com |

    X b.  United States mail, postage fully prepaid, on the 26th day of July, 2010, to the interested parties at the addresses listed as follows:

Steve Bennyhoff
2835 Santa Ana Drive
Reno, NV 89502-4929

WHITE LAW
CHARTERED
LAWYERS
0TH CENTURY BLDG.
135 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

1

2  SPECIALTY EQUIPMENT SERVICE, LLC
   Active Asset Management, LLC
3  Neil Brandon
   8640 Canyon River Dr.
4  Sparks, NV 89434

5
   Gary Dayton
6  7190 Lindsay
   Sparks, NV 89441
7
   Valley Concrete
8  c/o Jay Gore
   601 S. 15th St.
9  Sparks, NV 89431

10 Lyle Kibbee
   11310 Corner Brook Court
11 Reno, NV 89511

12
   The Clerk of the Court
13 UNITED STATES BANKRUPTCY COURT
   (As courtesy copy for Hon. Judge Gregg W. Zive)
14 300 BOOTH STREET
   RENO, NV 89509-1361
15

16 I declare under penalty of perjury that the foregoing is true and correct.

17

18 Signed on: July 26, 2010.

19

20                                         _____
                                           Declarant, Araceli Gonzalez
21                                         Employee, White Law Chartered

22

23

24

25

26

27
28

WHITE LAW
CHARTERED
LAWYERS
OTH CENTURY BLDG.
35 W. FIRST STREET
RENO, NV 89503

(775) 322-8000
(775) 322-1228