John White, Esq., Bar #1741  
White Law Chartered  
335 West First St.  
Reno, NV 89503  
775-322-8000  
FAX: 775-322-1228  
john@whitelawchartered.com  
Attorney for Specialty Equipment Services LLC,  
and Active Asset Management, LLC,

E-filed: July 30, 2010

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br>WES CONSTRUCTION COMPANY,<br>a Nevada corporation,<br>HEAVY EQUIPMENT SERVICES,<br>LLC, A Nevada limited liability company,<br>TRUCKING SERVICES, LLC,<br>A Nevada limited liability company.<br>Debtors-in-Possession | Case No. BK-N 09-52177-GWZ<br>Case No. BK-N 09-52178-GWZ<br>Case No. BK-N 09-52181-GWZ<br>[Jointly Administered under Case No. BK-N 09-52177-GWZ]<br><br>Chapter 7<br><br>MOTION TO ALTER OR AMEND THIS COURT'S JULY 16, 2010 "ORDER RE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER 1) RECONSIDERING ORDERS APPROVING CHAPTER 7 TRUSTEE'S EX PARTE APPLICATIONS TO EMPLOY AND PAY STEVE BENNYHOFF, ETC."<br><br>Hearing Date:   September 15, 2010<br>Hearing Time:   2:00 pm<br>Est. Time:  5 minutes |

Specialty Equipment Services, LLC, and Active Asset Management, LLC, by counsel, hereby move (the "Motion") this Court for an order altering in part its July 16, 2010 "ORDER RE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER 1)

WHITE LAW CHARTERED  
LAWYERS  
20TH CENTURY BLDG.  
335 W. FIRST STREET  
RENO, NV 89503  

T (775) 322-8000  
F (775) 322-1228  

1

RECONSIDERING ORDERS APPROVING CHAPTER 7 TRUSTEE'S EX PARTE APPLICATIONS TO EMPLOY AND PAY STEVE BENNYHOFF, ETC." ("July 16 Order") on the ground that it was submitted to this Court in violation of LR 9021(b)(2) and on the alternative grounds that:

1) Paragraph 5 of the July 16 Order does not accurately reflect the oral decision entered by this Court on June 21, 2010, to wit, it precludes any review of Mr. Bennyhoff's pre-April 23, 2010 Chapter 7 invoices; and

2) that, unless clarified, it may also preclude disgorgement by Mr. Bennyhoff of the approximate $20,640.00 Mr. Bennyhoff received without court approval in the Chapter 11 phase of this case.

In support of this Motion, Movants rely upon the below Points and Authorities, the Declaration of John White, filed herewith, and the files, records and proceedings in this Case. Respectfully submitted this 30th day of July, 2010.

John White, Esq.
Attorney for Unsecured
Creditors Specialty Equipment Services, LLC
and Active Asset Management, LLC

## POINTS AND AUTHORITIES

**FACTS:**

The relevant facts are uncontested:

1. On June 21, 2010, this Court held a hearing on Movants' motion to reconsider earlier employment and fee orders regarding Steve Bennyhoff.

2. That at the conclusion of the June 21, 2010 hearing this Court made findings and conclusions and directed Mr. Beesley, Esq. Lewis and Roca, LLP to prepare an order determining that the Official Committee of Unsecured Creditors ceased to exist on the conversion of this Case from Chapter 11 to Chapter 7.

3. That thereafter, on July 13, 2010, Movants received a proposed order, in form later entered by the Court, from Roxanne Maples of Lewis and Roca, LLP, purporting to encapsulate this Court's oral findings and conclusions as spread on the record at the conclusion of the June 21 hearing. See John White's Declaration in Support of this Motion, filed herewith ("White Declaration, paragraph 1.").

4. That on July 15, 2010, Movants emailed Ms. Maples, copy to Jeff Hartman, Esq. and Keith Tierney, Esq. as follows:

> "Roxanne,
>
> Please ask Bruce to delete "after April 23rd, the date of the Committee Motion," from paragraph 5, page 3 of the proposed order.
> Though I agree that the judge indicated that he was reluctant to go back on orders before April 23rd, when our Motion to Reconsider was filed, he did not restrict our comments, due July 19, to the post April 23rd period. At the June 21 hearing (2:57:40), after he had indicated a reluctance to revisit earlier Bennyhoff compensation awards, Judge Zive said: "He (Steve Bennyhoff) should understand that I am reserving the right to look at the amounts he has been paid previously. . . . I have those matters in front of me. They are of grave concern." Also, there is still an issue concerning Mr. Bennyhoff's Chapter 11 compensation, which the Court did not foreclose.
> Therefore, I think it best to just take out reference to April 23rd in the proposed order before I sign off, i.e. pargraph 5 should read: "The court expressly reserves the right to review all fees and costs incurred by Mr. Bennyhoff."
> Thank you
> John" (See White Declaration, paragraph 2).

5. That thereafter, on July 16, 2010, Movants received an email from Laury Macauley, Esq, of Lewis and Roca, LLP, stating as follows:

> "Gentlemen:
>
> Mr. Tierney and Mr. Hartman has approved order regarding the Committee's motion in the form that I circulated, so I am going to upload it to the Court this afternoon indicating Mr. White's disapproval.
> The order was drafted pursuant to my notes and best memory of the Court's instructions
> Sincerely,
> Laury"

6. That the July 16 Order was entered later that same day (July 16).

7. To the best of undersigned's recollection, the court did not excuse compliance with LR 9021 in this matter at the time of the June 21 hearing.

8. That, at the June 21st hearing, this court stated:

> Judge Zive - 2:47:04 It is at least my tentative conclusion that the best status that he can have is that of a paraprofessional and then he can be expensed out so he can get paid from the estate. I'm not quite sure that it changes anything in the long run. . . .
>
> Now, he's been paid and I signed orders paying him based upon an order that I signed that really wasn't challenged after I signed it or been submitted for reconsideration. I do not see how I can compel disgorgement of funds that were paid prior to April 23, 2010.
>
> My tentative conclusion on the matters pending and before me today are as follows:
>
> That Mr. Bennyhoff can be employed by the trustee because I don't see any actual conflict. That if he's been paid fees after April 23rd I will have to consider that matter....[2:48:12]
>
> Judge Zive - 2:50:00 So here we have a situation where if you really thought that he was that interested and you thought that I had made a mistake with the entry of my order that should have been brought to me right then. And now we're months down the line. Mr. Bennyhoff has relied upon an order that I entered and I am trying to determine how to best resolve this consistent with the law.
>
> J. Hartman – 2:57:35 So with respect to the matter that is pending today there is no ruling as to Mr. Bennyhoff's status because of the way this was teed up.
>
> Judge Zive: - 2:57:51 He should understand that I am reserving the right to look at the amounts he's been paid previously.

9. That on July 6, 2010, in reply to two additional e-mail requests for Mr. Bennyhoff's Chapter 11 invoices and stating Movant's objections to the payment of Mr. Bennyhoff's May - June invoices, Mr. Tierney informed the undersigned "I have no reason to

4

examine invoices for Steve Bennyfoff from the chapter 11." See White Declaration, paragraph 7.

10. That on July 7, 2010 the chapter 7 trustee filed his ex parte application to pay Mr. Bennyhoff fees and costs incurred during May and June, 2010 (Docket 346). The application stated "No hearing required" and disclosed, for the first time, Bennhoff invoices 34 to 40. White Declaration, par. 8.

11. That on July 9, 2010 from 9:30 am to 11:30 am Movant met and conferred with Mr. Strozza, Mr. Tierney and Mr. Hartman to discuss, among other things, Mr. Bennyhoff's June 25, 2010 2014 declaration, his Chapter 11 invoices, missing Bennyhoff invoices number 15 to 19 and further payments to Mr. Bennyhoff. See White Declaration, paragraph 9.

12. That on July 9, 2010, at 10:15 a.m. this Court approved the Trustee's aforesaid July 7 ex parte application for May and June by entering an order authorizing the Trustee to pay Mr. Bennyhoff's "April fees and costs" which order notes "no objection being filed". Docket 347. White Declaration, par. 10.

**ARGUMENT:**

<u>Jurisdiction</u>: This Court has jurisdiction of this motion by reason of the provisions of F.R.Bankr.P 9023, and of the underlying dispute by reason of 28 U.S.C. Sec 157(a)(2)(A) and 28 U.S.C. Sec. 1334(a).

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

5

Generally:

LR 9021 provides, in pertinent part:

> b. (2) Unless the Court otherwise orders, parties will have three (3) business days from receiving proposed orders to communicate their approval or disapproval to the transmitting counsel.
>
> (a) If disapproved, the disapproving party will have until five (5) business days from receiving the document to serve and file with the court a detailed statement of objections and an alternate proposal for the document

Though they timely objected to the proposed order, Movants did not get their 5 days. They didn't even get one day. Movants rely upon their July 15, 2010 email to Roxanne Maples, supra, and the foregoing FACTS as their detailed objections to the order of July 21.

As the July 16 Order expressly restricts comment to post-April 23 fees, no effort is here made to complain of the invoices submitted by the Chapter 7 Trustee in support of Mr. Bennyhoff's pre-April 23rd fees, though, as indicated above, Movants are requesting that the order be modified to permit comment regarding Mr. Bennyhoff's pre-April 23rd Chapter 7 invoices.

Even if the Court refuses to revisit orders authorizing payment of Chapter 7 fees and costs to Mr. Bennyhoff entered prior to April 23rd, the July 16 Order should be clarified to reflect that it only applies to fees in the Chapter 7 phase of this Case. As there has been no order approving Mr. Bennyhoff's fees in the Chapter 11 phase of this case, Mr. Bennyhoff could not have relied on a court order as to his Chapter 11 fees and costs.

**CONCLUSION:**

Wherefor Movants pray for a modification of this Court's order entered July 16, 2010 to delete the phrase "after April 23, 2010, the date of the filing of the Committee Motion" in paragraph 5 of that order. In the alternative, Movants pray that paragraph 5 of the order be revised to insure that it does not insulate Mr. Bennyhoff from provisions of the Code pertaining to payment of professionals in Chapter 11 cases by adding the phrase ", where such fees and costs were approved by any order of this Court entered before June 21, 2010." before the end of the

6

sentence comprising that paragraph 5.

Respectfully submitted this 30th day of July, 2010.

/s/ John White

John White, Esq.
Attorney for Unsecured
Creditors Specialty Equipment Services, LLC
and Active Asset Management, LLC

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228