Jeffrey L. Hartman, Esq., #1607
**Hartman & Hartman**
510 W. Plumb Lane, Ste. B
Reno, NV 89509
(775) 324-2800 Office
(775) 324-1818 Facsimile
notices@bankruptcyreno.com

E-Filed 9/2/10

Attorney for Trustee
Keith J. Tierney

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>WES CONSTRUCTION COMPANY, INC., a Nevada corporation,<br><br>HEAVY EQUIPMENT SERVICES, LLC A Nevada limited liability company,<br><br>TRUCKING SERVICES, LLC, A Nevada limited liability company,<br><br>Debtors.<br>_____/ | CASE NOS.  BK-N-09-52177-GWZ<br>BK-N-09-52178-GWZ<br>BK-N-09-52181-GWZ<br>(Jointly administered under 09-52177)<br><br>CHAPTER  7<br><br>**TRUSTEE'S OPPOSITION TO MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**<br><br>Hearing Date: 9/3/10<br>Hearing Time: 2:00 p.m. |

Keith Tierney, chapter 7 trustee ("Trustee") opposes the Motion For Allowance Of Administrative Claim filed by Green Tea. This opposition is based upon the following discussion. The Trustee agrees that Green Tea is entitled to certain chapter 11 administrative expenses, and to some amount for chapter 7 administrative expenses; however, the amount requested by Green Tea is arbitrary and excessive.

### Chapter 7

Although somewhat unclear, it appears that Green Tea is requesting a chapter 7 administrative claim in the amount of $4,008.43 as of May 26, 2010, the date of its Motion. Motion, page 4, paragraph 20. If this amount is based upon the rent of $433.33 per month as noted in ¶18 of the Motion, the Trustee agrees that this amount is reasonable.

With respect to occupancy of office space, the Trustee acknowledges that office space has

been used by the estate but the office space represents only a small percentage of the available space at the Green Tea facility and $4,441.67 per month for that small space is *per se* unreasonable. Instead, the rent should be based upon the market rate for rent of a comparable amount of square footage. In fact, Green Tea acknowledges that it has rented other office space at the rate of $650 per month. Walker Declaration, ¶6.

**Chapter 11**

The chapter 11 portion of the administrative claim is comprised of four categories: office, shop, yard and supervision.

**Office**  Attached to the Walker Declaration as Exhibit 3 is an itemized listing of amounts allegedly incurred to remedy items related to the office. The total of those items is listed as 'Approx total plus T&M work $34,306.70'. Does this mean that the total is more than $34,306.70 and the total for T&M is yet to come?

The Lease, attached to the Walker Declaration as Exhibit 1, contains a provision relating to the Surrender of Premises. Exhibit 1, ¶23.1. That paragraph provides, in part, that "Tenant shall surrender to Landlord the Premises and any and all Tenant's Improvements and alterations in good condition, excepting ordinary wear and tear....". There are two types of questions raised by the manner in which the claim is presented. The first question is whether the condition of the item was within the category of ordinary wear and tear or whether it was beyond the condition of ordinary wear and tear. The second question whether the cost is reasonable and supported by invoices.

First, it is impossible to determine the T&M related costs. The list includes approximately $7,500 for painting interior and exterior. How is the Trustee or the Court to determine whether the condition of the paint was what would be expected as a result of ordinary wear and tear or whether the condition of the paint was as a result of other activity which was beyond ordinary wear and tear? Flooring was repaired and replaced at a cost of $6,700. Was the condition of the floor beyond that of ordinary wear and tear? What is an electrical checkout in the amount of $2,381 and why was it necessary? Extra comm and data wire removal was apparently performed at a cost of almost $10,000. Again, there are no details which demonstrate

why this was necessary. Nor are there any details regarding the concrete and landscaping repairs for almost $4,800.

Second, none of the individual expense items are supported by invoices so it is impossible to determine how the amount was determined.

**Shop** As with the Office expenditures, time and materials are not identified so it is unknown whether there is an additional expense to be identified. Additionally, as with the Office expenditures there is nothing to explain the exterior wall damage and what was included as part of the $10,280 cost of repair, who did the repair and whether there are invoices to support the claim. There also are line items for mechanical and electrical checkouts, one of which is a T&M charge and one of which is 'included'.

**Yard** As with the Office and Shop expenditures, there is no information to support the expenditures included. What was the damage to the fence which required almost $12,000 in expenditures? Dust control and adding gravel to a travel way should not be an administrative expense. What are the T&M expenditures for fuel system checkout, preparation for Phase 1 environmental, waste oil tank cleanup and trash removal? What is the electrical checkout for the yard and are there any invoices to support the line item?

**Supervision** The Trustee acknowledges that someone would be required to oversee some of the work being performed in conjunction with the items in the claim. Five weeks, or two hundred hours of time seems excessive.

At the conclusion of the itemized listing is a time and material, lump sum charge of $24,500 without any detailed explanation of what is included. Who performed the work? Was it an outside contractor or a Green Tea employee? Does it include the same person who conducted the Supervision at $1,885 per week?

To be justified and allowed as administrative expenses, the charges should include more supporting detail to enable the estate representative and the Court to determine whether the charges were reasonably necessary and whether the work performed was for a reasonable expense.

## CONCLUSION

Based upon the foregoing, the Trustee requests the Court deny the Motion pending verification of: (1) whether the items identified were outside the scope of ordinary wear and tear; (2) whether the expenditures can be verified by providing third party invoices, and (3) whether the amounts requested are reasonable.

Dated this 2nd day of September, 2010.

                                  **HARTMAN & HARTMAN**

                                  /s/ Jeffrey L. Hartman
                                  Jeffrey L. Hartman for Keith Tierney, Trustee