Keith J. Tierney
Trustee
10580 N. McCarran Blvd., Bldg. 115-403
Reno, NV 89503
(775) 622-3850

E-Filed 10/12/2010

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>WES CONSTRUCTION COMPANY, INC., a Nevada corporation,<br><br>HEAVY EQUIPMENT SERVICES, LLC<br>A Nevada limited liability company,<br><br>TRUCKING SERVICES, LLC,<br>A Nevada limited liability company,<br><br>Debtors.<br>_____/ | CASE NOS. BK-N-09-52177-GWZ<br>BK-N-09-52178-GWZ<br>BK-N-09-52181-GWZ<br>(Jointly administered under 09-52177)<br><br>CHAPTER 7<br><br>**TRUSTEE'S RESPONSE TO MOTION FOR ORDER RECONSIDERING THIS COURT'S JULY 9, 2010 "ORDER" TO APPROVE SUPPLEMENTAL APPLICATION TO PAY MONTHLY AND TO PAY APRIL FEES AND COSTS**<br><br>Hearing Date: 10/22/2010<br>Hearing Time: 10:00 a.m. |

Keith Tierney, chapter 7 trustee ("Trustee") responds to the **MOTION FOR ORDER RECONSIDERING THIS COURT'S JULY 9, 2010 "ORDER" TO APPROVE SUPPLEMENTAL APPLICATION TO PAY MONTHLY AND TO PAY APRIL FEES AND COSTS** ("Reconsideration Motion") filed by Specialty Equipment Services, LLC and Active Asset Management, LLC. This response is supported by the separately filed Declaration of Steve Bennyhoff. The Trustee also requests the Court take judicial notice of the papers and pleadings on file in this case.

Attached to the Bennyhoff Declaration are invoices covering the time period between October 1, 2009 and January 7, 2010. These invoices provide the detail of services performed by Mr. Bennyhoff at the direction of Mark Smith when he was acting as the chairman of the board of the Debtor prior to the time the case was converted to

chapter 7 and then time between conversion and the Trustee's appointment.

## FACTS

1. The Trustee was appointed in this case on January 5, 2010. **DE 252.**

2. At the time the Trustee was appointed, Mr. Bennyhoff had been performing services for WES during the chapter 11 case. Mr. Bennyhoff's services were necessary because the former financial officer, Michael Brandt had resigned in late August or early September 2009.

3. As noted in the Bennyhoff Declaration, **DE 336**, the Trustee engaged Bennyhoff to perform basic accounting services for the estate to fulfill his duties under §704(a). The list of duties included but has not been limited to the following:

- Made calculations and booked journal entries adjusting the accounts for the items sold at the Ritchie Bros. and Lightning auctions.
- Located the hard copy payroll records and created spreadsheets to capture the weekly payroll totals to be able to prepare W-2s, as well as capture payment information for 1099s.
- Purchased software and supplies, then created, printed and mailed W-2's and 1099's.
- Terminated AT&T land and wireless lines still active in February.
- Terminated licenses, policies, and services no longer needed by WES Construction.
- Interfaced with insurance companies and State agencies to provide data to assist with year-end information reporting and audits.
- Reconciled Heritage Bank checking accounts and Hartman Trust account to WES Construction general ledger.
- Interfaced with Lisa and Kandi on an on-going basis to help answer questions and review
- Facilitated the boxing and return of WES Construction's mailing machine to Pitney Bowes.

4. The Trustee has several significant tasks remaining to be accomplished and Bennyhoff's familiarity with the history of these matters would enable the Trustee to complete those tasks at a more cost effective and efficient level than will result if the Trustee is required to engage someone new, unfamiliar with the rather tortured history of this case. The major areas in which Bennyhoff can be of great assistance to the Trustee are:

- Coordinate with R Construction in preparing an income statement that determines the net profit resulting from Roy Walker's completion of the utility contracts that were unfinished as of 9/1/09.
- Reconstruct from hardcopy reports financial information for WES Construction to enable the accounting firm to prepare financial statements and tax returns for 2009.
- Calculate profit/loss on the sale and book journal entries for WES Trucking, Inc. auction items.
- Prepare trial balances for 2008 and 2009 for WES Trucking, Inc. and Commercial Snow Clearing LLC to give to accounting firm for preparation and tax return filing.
- If requested, compile data to provide to ING to be able to conduct non-discrimination tests and prepare Form 5500 for the 401K program.
- Continue to respond to requests for information in regards to unemployment claims, audits of payroll information for 2009 from Nevada and California, sales and use tax report, and various other requests until no longer necessary.

5. Attached hereto are invoices 1 through 10 covering the pre-conversion time period between September 29, 2009 and the conversion date of December 8, 2009. Invoices 11, 12 and 13 cover the period from the conversion to the time the Trustee was appointed on January 7, 2010. These invoices provide the detail of services performed by me at the direction of Mark Smith when he was acting as the chairman of the board of WES prior to the time the case was converted to chapter 7 and up to the time Mr. Tierney

- 3 -

was appointed.

Based upon the foregoing, the Trustee requests the Court deny the Reconsideration Motion.

Dated this 12th day of October, 2010.

/S/ Keith Tierney
Keith Tierney, Trustee

- 4 -