GOLDSMITH & GUYMON, P.C.  
Marjorie A. Guymon, Esq.  
Nevada Bar No. 4983  
E-mail: mguymon@goldguylaw.com  
Peter Co, Esq.  
Nevada Bar No. 11938  
Email: peterc@goldguylaw.com  
2055 Village Center Circle  
Las Vegas, Nevada 89134  
Telephone: (702) 873-9500  
Facsimile: (702) 873-9600  
Attorneys for Secured Creditor,  
Premium Financing Specialists, Inc.

E-FILED: 12/21/10

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In Re:

WES CONSTRUCTION COMPANY, INC.

Debtor(s)

CASE NO.: BK-S-09-52177-GWZ

CHAPTER: 7

DATE: February 1, 2011  
TIME: 2:00 p.m.

### PREMIUM FINANCING SPECIALISTS, INC.'S APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE

Creditor IPFS Corporation, f/k/a/ Premium Financing Specialists, Inc., ("PFS"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§ 503(a) and 503(b)(3)(A), hereby files its Application for Allowance and Payment of Administrative Expense and in support thereof states that:

1. On or about July 7, 2009, (the "Petition Date"), WES Construction, Inc. ("Debtor") filed a Voluntary Petition under Chapter 11 Title 11 of the United States Code, 11 U.S.C. § 101, et seq.

2. On November 19, 2009, this case was converted to a Chapter 7 bankruptcy proceeding. See Doc. #241.

3. PFS (now known as IPFS Corporation) is an insurance premium finance company, whose business consists of lending money to businesses to finance their insurance premiums. See Declaration in Support of Secured Creditor Premium Financing Specialists, Inc.'s Application for Allowance and Payment of Administrative Expense ("Declaration"), ¶ 2.

- 1 -

5. On about June 8, 2009, debtor entered into an insurance premium finance agreement with Western Assurance Company who subsequently assigned its rights under the agreement to PFS. *See* Declaration, ¶ 4.

6. At debtor's request, Western Assurance Company paid the premium for debtor's general liability and excess insurance policies for coverage for 12 months beginning June 1, 2009 in consideration for debtor's promise to pay all balances due Western Assurance Company, and now, PFS, in monthly installments. *See* Declaration, ¶ 5.

7. The total of the premiums financed by PFS on the policies was $193,434.20. Debtor made a cash down payment of $61,220.20 and agreed to pay the balance on the loan and a finance charge in ten monthly installments of $13,646.20 on the first day of each month beginning July 1, 2009 until the loan was repaid in full. *See* Declaration, ¶ 6.

8. By the terms of the agreement, Debtor assigned to Western Assurance Company, now PFS, any and all unearned premiums payable under the policies scheduled therein. Said assignment was given as security for the total amount payable by Debtor to Western Assurance Company, now PFS, under the agreement. *See* Declaration, ¶ 7.

9. By the terms of the agreement, Debtor irrevocably and unconditionally appointed Western Assurance Company, now PFS, as attorney-in-fact with full authority to cancel the policies scheduled in the agreement, as well as to execute and deliver on behalf of the debtor all documents, forms and notices relating to the policies scheduled in the agreement, and to obtain all unearned and return premiums. *See* Declaration, ¶ 8.

10. Debtor is in default of the payments due under the agreement. *See* Declaration, ¶ 9.

11. As of November 1, 2010, after having cancelled the policy and having applied all unearned and return premiums, the unpaid balance under the finance agreement is $19,152.96, plus attorney's fees and costs. *See* Declaration, ¶ 10.

12. On January 15, 2010, PFS filed its Motion for Relief from Stay (Doc. No. 254) in order to cancel the policy scheduled in the agreement and to obtain all unearned and return premiums, which same shall be applied to the above described unpaid balance due under the finance agreement. On March 3, 2010 the Court entered its Order Granting PFS' Motion for Relief from Stay (Doc. No. 283).

13. To the extent that the unearned and return premiums were insufficient to pay the unpaid balance due under the finance agreement, plus attorney's fees and costs, PFS is entitled to an allowed administrative expense claim pursuant to 11 U.S.C. § 503.

14. Under § 503 of the Bankruptcy Code an entity is entitled to the allowance of an administrative expense for the actual necessary expenses of the estate, and to payment of such expenses as a cost of administration. In addition, PFS is entitled to assert its fees and costs as an administrative expense.

WHEREFORE, PFS respectfully requests that this Court enter an Order pursuant to 11 U.S.C. § 503 of the Bankruptcy Code allowing an administrative expense in its favor in the amount of $19,152.96, plus attorney fees and costs, less any refund PFS receives from the unearned and return premiums and requiring Debtor to pay such claim forthwith, and for this Court to grant other and further relief that is just and appropriate.

DATED this ___ day of December 2010.

GOLDSMITH & GUYMON, P.C.

_____
Marjorie A. Guymon, Esq.
Nevada Bar No. 4983
Peter Co, Esq.
Nevada Bar No. 11938
2055 Village Center Circle
Las Vegas, Nevada 89134
Counsel for Premium Financing Specialists, Inc.

\\Gngdc0\data\MAG\Client Matters\BK Clients\1Closed Matters\PFS 6966-1\admin.expense.wpd